KENNEDY v. BIGELOW ET AL.

1. **Tax Sale:** SUBSEQUENT TAXES: REDEMPTION. If the purchaser of land at tax sale shall fail to file with the auditor duplicate receipts for any subsequent taxes upon such land paid by him, the taxes so paid are not a lien upon the land, and the reimbursement of the tax purchaser therefor is not a condition of redemption.

*Appeal from Winneshiek District Court.*

WEDNESDAY, APRIL 19.

PROCEEDINGS of *mandamus* to compel the county auditor, Bigelow, to permit plaintiff to redeem from a tax sale, by payment of the amount which appears due upon the face of the tax sale certificate, without the payment of certain subsequent taxes paid by the holder. Defendant, Pattee, is the assignee of the certificate, and paid certain subsequent taxes. The payment was noted upon the register of tax sales kept by the auditor, but no duplicate receipt was filed with that officer. The District Court adjudged that plaintiff is entitled to redeem without the payment of the subsequent taxes, and ordered that a peremptory *mandamus* issue, requiring the auditor to permit it to be done. Defendants appeal.

*Chas. P. Brown*, for appellants.

*E. E. Cooley*, for appellee.

BECK, J.—Chap. 100, Acts Tenth Gen. Ass., provides as follows: "The county treasurer shall also make out, sign and deliver to the purchaser of any real property sold for taxes as

aforesaid, duplicate receipts for any taxes, interest and costs paid by said purchaser after the date of said purchase for any subsequent year or years; one of which receipts said purchaser shall present to the clerk of the county board of supervisors, to be by him filed in his office, and a memorandum thereof entered on the register of sales, and if he neglects to file such duplicate receipt with the clerk before the redemption, such tax shall not be a lien upon the land, and the person paying such tax shall not be entitled to recover the same of the owner of such real estate." Code, § 889.

The county auditor now performs the duties discharged by the clerk of the board of supervisors before that office was abolished. The sale to, and payment of taxes by, the purchaser were before the Code took effect.

The statute provides the conditions upon which a purchaser at a tax sale may pay subsequent taxes and acquire a lien upon the lands therefor. One of those conditions, expressed in the chapter above quoted, is the filing of a duplicate of the tax receipt with the clerk of the board of county supervisors, now the county auditor. In the absence of any statute, he could not pay the taxes and hold the lien. In order to acquire the right given him by the statute he must comply with its conditions. We are not authorized to disregard this plain and explicit provision and are required to assign no other reason for enforcing it according to its terms, than *ita lex scripta*.

The District Court correctly holds that plaintiff is entitled to redeem from the tax sale upon payment of the amount appearing due upon the certificate, without the payment of the subsequent taxes.

AFFIRMED.