# THE STATE OF IOWA:

## DES MOINES, JUNE TERM, A. D. 1878.

IN THE THIRTY-SECOND YEAR OF THE STATE.

PRESENT:

Hon. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK,
" AUSTIN ADAMS,      } JUDGES.
" WILLIAM H. SEEVERS,
" JAMES G. DAY,

THE KEOKUK & DES MOINES RAILWAY CO. v. LINDLEY ET AL.

1. **Tax Title:** POSSESSION: LICENSEE CANNOT ACQUIRE. The licensee of real estate cannot acquire a tax title thereto as against his licensor, whose right of possession has continued for more than five years after the execution of the tax deed.

2. ——— : ——— : STATUTE OF LIMITATIONS. The right to recover possession under a tax deed is barred in five years after the execution thereof.

3. ———: DEFECT IN TITLE: POSSESSION. Even though there be defects in the title of the patent holder, he is nevertheless entitled to possession as against one claiming under a void tax title, when his possession is founded upon claim and color of title.

*Appeal from Jasper District Court.*

FRIDAY, MARCH 22.

ACTION in chancery to set aside a tax deed, and to quiet title to real property, the possession of which plaintiff held under a claim of title. By a cross-petition, defendants set up title under a tax sale and deed to the property, and prayed that their title be quieted. The relief sought by plaintiff was granted, and defendants' cross-petition was dismissed. Defendants appeal.

*R. A. Sankey,* for appellants.

*Smith & Wilson,* for appellee.

BECK, J.—I. The facts of the case, so far as they are necessary to be considered in determining the rights of the parties, are established by the testimony before us to be as follows: The Des Moines Valley Railroad Company, in 1865, purchased the property in question, two lots in the town of Monroe, and, under the title thus acquired, then entered into possession. The plaintiff claims all the property of the Des Moines Valley Railway Company, under a sale and deed executed, upon the foreclosure of a mortgage, to its grantors. They acquired this title, and took possession of the property, in 1874. After plaintiff acquired the property, defendants Lounsberry and Johnston entered upon the lots, under an agreement with plaintiff's superintendent, and built a barn thereon. The terms of agreement were, in effect, that they should pay no rent, and should not hold plaintiff liable for any loss or destruction of the buildings by fire, caused by the engines running upon the road. They were to surrender the

The Keokuk & Des Moines Railway Co. v. Lindley.

possession upon notice from plaintiff. The date of this agreement is not shown further than that it was in 1874. It does not clearly appear whether defendants held possession of all of the lots under this arrangement, though we think the testimony supports such a conclusion.

The lots were sold for taxes in October, 1866, and a treasurer's deed executed upon the sale, December 20, 1869, to defendant Lindley. On the 28th day of January, 1875, while Lounsberry and Johnston were in possession of the lots, as set out above, Lindley conveyed the property to these defendants, who now claim to hold it under the title then acquired. The relation, or tenancy, existing between defendants and plaintiff, was not terminated by notice, or otherwise, when defendants purchased the property of Lindley.

II. We conclude that the decree of the court below is well supported by the facts of the case, for the following reasons:

The defendants held the land under the plaintiff at the time they acquired the tax title. They insist, however, that 1. TAX TITLE: they did not hold the land under a lease, but un-
possession: li-
censee cannot der a license, and, therefore, the relation of land-
acquire. lord and tenant did not exist between the parties. Let this be admitted. Their possession as licensees was the possession of the plaintiff. Such would be the case did a lease exist. It must be true in the case of a license, which is but a permission to use or occupy land for a specified purpose. Taylor's Landlord and Tenant, §§ 31, 86; Washburn on Real Property, p. 398. The possession of land held by a tenant or licensee, in contemplation of law, is in the landlord or licensor. The plaintiff, whether defendants were lessees or licensees, must be regarded as not having parted with the possession of the lots.

Plaintiff had been more than five years in possession after the tax deed was executed, when defendants purchased the 2. ——: ——: tax title. The right to recover thereon is barred
statute of lim-
itations. in that time, and plaintiffs can set up the bar of

the statute in this action.  *Hintrager v. Hennessy*, 46 Iowa, 600 ; *Wallace v. Sexton & Son*, 44 Id. 257 ; *Patton v. Luther*, 47 Id. 236.

As has been remarked, defendants' relation as licensees, or lessees, had not been terminated when they acquired the tax title.  Could that title, in their hands, defeat plaintiff's right to the lots ?  We conclude that it could not, for they could acquire no higher right than their grantor, and, as we have seen, his right to recover the property was barred by the statute of limitations.  The possession which they held after they acquired the tax title can give them no right to recover, for the rights of the parties must be determined as they were at the time they acquired the title.  Surely it cannot be claimed that their tax title received force and vitality from their subsequent act in terminating their relation as licensees.

III.  It is claimed that plaintiff has failed to show, by the testimony, that it holds the legal title to the lots, there being defects in its chain of title.  Let this also be admitted.  As against defendants, its right is based upon its possession, which was under claim and color of title. This right was not, as we have shown, defeated by defendants' tax title.  Plaintiff is in equity entitled to recover the possession of the land, and hold it as against defendants, who are setting up the tax title to protect their possession.  Equity will restore plaintiff to its rights in the property, which can only be done by restoring the possession, and will declare the tax title void as against plaintiff.  The relief granted by the decree of the District Court is authorized by the law.

This view of the case renders the consideration of other questions raised by counsel unnecessary.

AFFIRMED.