### BROWN & SULLY v. PAINTER.

1. **Statute of Limitations**: TAXATION: ACTION. An action for the recovery of taxes paid more than five years before the commencement of the action is barred by the statute of limitations.

2. ————: RUNS AGAINST A COUNTY. The statute of limitations will operate to bar an action by a county not commenced within the period limited by the statute.

*Appeal from Des Moines District Court.*

WEDNESDAY, OCTOBER 18.

THIS is the same case that was determined in 38 Iowa, 456. The cause having been remanded to the court below, the plaintiffs, on the 24th day of May, 1875, filed their amended petition praying a judgment for the taxes and penalties from the year 1856 to the year 1870, both inclusive, and that the same be declared a lien upon the premises in question.

The defendant demurred to the petition on the ground that it shows on its face that the claim is barred by the statute of limitations. The court sustained the demurrer except as to the two last named items of taxes paid.

The cause was then submitted to the court upon an agreed statement of facts. The court found that plaintiffs' claim for taxes paid prior to five years immediately preceding the filing of the amended petition is barred by the statute of limitations, and rendered judgment for the taxes paid within five years prior to May 24, 1875. Plaintiffs appeal

*J. & S. K. Tracy*, for appellants.

No argument on file for appellee.

DAY, J.—The only question presented is, whether the action for the recovery of the taxes paid more than five years prior to the commencement of the action is barred by the statute of limitations. It is claimed by appellant that plaintiffs, under the doctrine of *Everett v. Beebe*, 37 Iowa, 452, is subrogated to the rights of the

1. STATUTE of limitations: taxation: action.

county and State, and that the statute of limitations does not run against him, under the doctrine of *County of Des Moines v. Harker*, 34 Iowa, 84.

It has never been determined that the statute of limitations does not run against a county. Indeed, the very opposite of that has been settled by adjudications of this court. In *County of Des Moines v. Harker*, it was held that the statute of limitations did not run because the suit, although in the name of the county, was in effect an action by the State. In *State v. Henderson*, 40 Iowa, 242, it was held that the statute of limitations did run, notwithstanding the action was in the name of the State, because it was in the interest of, and for the ultimate benefit of the county. This case also determines that the county is liable to the State for delinquencies in the taxes, and that suits pertaining thereto must be prosecuted by the county, or for the use of the county.

In *The City of Burlington v. B. & M. R. R. Co.*, 41 Iowa, 134, it was held that five years bars an action of a city for the recovery of delinquent taxes. Under the doctrine of *State v. Henderson*, the same statute would equally bar an action by a county for the recovery of taxes. So that, if we should concede for *Everett v. Beebe* all that counsel for appellants claim, still the judgment of the court below is right.

AFFIRMED.