THOMPSON v. SAVAGE ET AL.

1. **Tax Sale :** VOID TITLE: INNOCENT PURCHASER.   Where a tax title has been adjudged to be void, the purchaser from the patent holder becomes an innocent purchaser and is not chargeable for taxes on the land paid by the tax purchaser before his title is held to be void.

2. ———. ———: RECOVERY FOR TAXES PAID.   A tax purchaser in good faith of land sold for taxes for a year in which there was no levy, and whose title was therefore subsequently adjudged invalid, was *held* entitled to recover from the patent holder the amount of taxes for subsequent years paid by him with six per cent interest thereon.

*Appeal from Hamilton District Court.*

SATURDAY, DECEMBER 15.

ONE W. D. Thompson purchased 120 acres of land at tax sale in October, 1864.   The sale was made for the delinquent taxes of 1863.   A tax deed was made and delivered to the purchaser in December, 1867.   In 1872 said Thompson conveyed the land by deed to the plaintiff herein.

Plaintiff brought his action against E. B. Savage and J. B. Savage to quiet his title to said land.   The said E. B. Savage and J. B. Savage were the holders of the patent title.   They appeared in said action and filed a cross-petition, averring among other things that said tax deed was void because no levy of any taxes was made upon said land for the year for which the same was sold.   To this cross-petition plaintiff made default.   The cause was submitted to the court and a decree was entered declaring said tax deed void for the reason, among others, that no levy of taxes was made upon said land for the year 1863.   Said decree quieted the title to the land in defendants.   The decree was affirmed upon appeal to this court.

On the 5th day of February, 1877, plaintiff commenced this action against the same parties defendant, claiming that his tax title had been annulled and canceled by said decree; and that he and his grantor had paid all the taxes on the land from the time it was sold up to the year 1875.   He demanded judgment for all the taxes paid, with all the penalties and interest

which would have been due to the treasurer, if not paid at the time of the commencement of the suit. He also asked that the judgment be made a lien upon the land.

Finley Stevens intervened in the action. He alleged that after the final determination of the former action he purchased the land from Egbert B. and James B. Savage, and received from them a warranty deed, for which he paid them one thousand dollars.

He averred that at the time of the sale and payment of the purchase money he had no notice whatever of any claim or lien of plaintiff for taxes upon said land; that he was a *bona fide* purchaser for value without notice of plaintiff's claim. He asked that said land be discharged from any lien or claim of plaintiff.

The defendants answered, setting up: 1. That all the matters and things in relation to said taxes on said land were fully tried and determined in the former action between the parties; and, 2. That the cause of action, if any there ever was, did not accrue within five years before the commencement of this suit.

Plaintiff in his reply admitted that in the former action it was determined there was no levy of any taxes upon said land for the year for which the same was sold. He averred that there was in fact an assessment and levy of taxes on the land for that year, and that the decree was obtained by the defendants fraudulently concealing such fact from the court.

There was a trial to the court upon written evidence. It was found that Stevens, the intervenor, was an innocent purchaser of the land without notice, and that the same should be as to him discharged of all lien. It was found that plaintiff was entitled to recover of E. B. and James B. Savage for the taxes paid within five years prior to the commencement of the suit, the sum of $93.22. Both parties appeal.

*Dosh Bros. & Carstens*, for plaintiff.

*Chase & Covil*, for defendants.

ROTHROCK, J.—I.  It appears from the abstract that certain motions and demurrers were presented and ruled upon.  The foregoing statement of facts presents the real questions involved in the case, and for the sake of brevity we will omit further allusion to the abstract.  The evidence satisfactorily shows that Stevens purchased the land in good faith, for a valuable consideration, and without any notice of the plaintiff's claim.  When he made the purchase and took his conveyance the tax deed had been decreed to be void.

*1. TAX sale: void title: innocent purchaser.*

Under these circumstances he could not be charged with constructive notice of plaintiff's claim for taxes.  There was no record, an examination of which would impart such notice to him.

II.  We do not think the evidence shows that the former decree was obtained by fraud.  It was distinctly charged in the cross-petition that no levy of any taxes was made for the year for which the land was sold.  To this cross-petition the defendant made no answer.  The court found the fact to be as alleged, and entered a decree accordingly.  The evidence in this case falls far short of showing that this was procured to be done by the fraudulent acts of defendants or their attorney.

We do not determine whether plaintiff has the right to attack the decree in this suit.  It is not necessary that we should do so.

III.  There having been no levy of taxes for the year 1863, the county and State had no claim for taxes for that year.  The sale and deed conferred no right upon plaintiff nor his grantor.  The payment made at the tax sale was a payment that the owner of the land was not required to make.  But the plaintiff and his grantor supposed the tax sale was valid, and in good faith paid the subsequent taxes.  These payments were for the benefit of the defendants, E. B. Savage and J. B. Savage, who were then the owners of the land.  In *Claussen & Kuehl v. Rayburn*, 14 Iowa, 136, and in *Orr v. Travacier*, 21 Id., 68, it was held that taxes paid in good faith by the holder of a void tax title could be recovered of the owner of the land, because the statute then in force

*2. ——: ——: recovery for taxes paid.*

made taxes paid by a tax sale purchaser a lien upon the land. The same may be said of the statute in force when the tax in controversy in this case was paid. Code, § 889. But as there was no levy of taxes for the year for which this land was sold, plaintiff can only recover the legal taxes actually paid, and interest at six per cent per annum. *Early v. Whittingham,* 43 Iowa, 168. And he can only recover for the taxes paid within five years next preceding the commencement of the action to recover the same. *Brown & Sully v. Painter,* 44 Iowa, 368. This was the basis of the finding of the District Court, which we think was correct. The cause will be affirmed upon both appeals.

AFFIRMED.