## SEXTON v. PECK.

1. **Tax Sale:** STATUTE OF LIMITATIONS : RECOVERY OF TAXES. An action by a tax purchaser for the recovery of the taxes paid by him upon land, the title to which has been quieted in the patent owner, is barred in five years after the taxes become delinquent.

*Appeal from Warren Circuit Court.*

FRIDAY, APRIL 19.

THE plaintiff purchased certain real estate at tax sale on the 5th day of October, 1863, and on the 2d day of January, 1867, obtained his tax deed, and filed the same for record.

On the 9th day of July, 1874, the defendant, who was the owner of the patent title of the land, commenced an action against the plaintiff to quiet his title, alleging that he had held adverse possession for more than five years after said tax deed was recorded. The result of said action was, that defendant obtained a decree quieting his title.

The land was sold for taxes for the years 1861–2, which plaintiff paid at the time of the sale. This action was brought on the 24th day of February, 1876, to recover the taxes paid by plaintiff, including penalty and interest, and for a decree making the same a lien upon the land.

The defendant pleaded the statute of limitations, more than

Sexton v. Peck.

·five years having elapsed after the cause of action accrued, and the payment of the taxes for the said years, as alleged in the petition.

There was a trial by the court, and a decree dismissing the petition at plaintiff's cost. Plaintiff appeals.

*Bryan & Seevers,* for appellant.

*Henderson & Berry,* for appellee.

ROTHROCK, CH. J.—It is conceded that the tax sale and deed

1. TAX SALE: statute of limitations: recovery of taxes.
were in all respects regular, and that the defendant's title to the land was quieted upon the ground that he had held the adverse possession for more than five years after the plaintiff's tax deed was filed for record. The only question now presented is, whether the plaintiff's claim for taxes paid by him is barred by the statute of limitations.

It was held in *Brown & Sully v. Painter,* 44 Iowa, 368, that an action for the recovery of taxes, paid by a tax sale purchaser more than five years prior to the commencement of the action, was barred by the statute of limitations. It is insisted, in the case at bar, that the statute of limitations did not commence to run until it was adjudged that plaintiff was not the owner of the land. In this view we cannot concur.

In *Everett v. Beebe,* 37 Iowa, 452, and other cases, it was held that the holder of a voidable tax deed is entitled to recover of the owner of the land the amount which he would have to pay to the treasurer in order to satisfy all the taxes, if they had not been paid by the tax sale purchaser. The reason of the rule is, that by statute the purchaser holds the interest and claim of the State and county in the land. This interest and claim is the taxes due. The tax sale purchaser is subrogated to the rights of the county and State.

If an action should be brought by the county for the recovery of taxes, it would be barred in five years after the taxes

became delinquent. "The county is liable to the State for delinquencies in the taxes, and suits pertaining thereto must be prosecuted by the county, or for the benefit of the county." *Brown & Sully v. Painter, supra,* and see *City of Burlington v. B. & M. R. R. Co.,* 41 Iowa, 134.

The plaintiff, therefore, being entitled to recover for taxes paid, because he holds the right and claim of the county and State, his rights must be determined by the same rule as though the action had been brought by the county. See *Callanan v. The County of Madison,* 45 Iowa, 561.

AFFIRMED.