HARRISON v. SAUERWEIN ET AL.

1. **Tax Sale and Deed:** EVIDENCE OF PAYMENT BEFORE SALE. The tax list, and a certified copy of a tax-receipt stub, kept in the treasurer's office, are competent evidence to prove the payment of a tax on land; (Rev. §§ 760, 783;) and where these concur in indicating that the tax was paid prior to a sale of the land for that tax, they are sufficient to overcome the presumption of non-payment which, under the statute, is raised by the tax deed. REED, J., *dissenting*.

2. ———: SALE VOID: INNOCENT PURCHASER. One who in good faith purchases land from one whose only title is a void tax deed, can claim nothing as an innocent purchaser against the real owner.

3. ———: DEED SET ASIDE: REIMBURSEMENT OF PURCHASER. Where a tax deed, valid on its face, is set aside in equity at the suit of the owner of the patent title, and the purchaser has in good faith paid subsequent taxes on the land, he is entitled to judgment against the plaintiff, in the same action, for the amount of the taxes so paid, with legal interest.

*Appeal from Palo Alto District Court.*

MONDAY, DECEMBER 13.

ACTION in equity to determine the ownership of certain real estate. The court found that the plaintiff was the owner of the land, but that he should pay the defendant, Sauerwein a certain sum of money for taxes paid, and interest thereon,

Harrison v. Sauerwein et al.

and a judgment was entered accordingly, from which both parties appeal.

*Soper, Crawford & Carr*, for appellant.

*Harrison & Jenswold*, for appellee.

SEEVERS, J.—I The plaintiff is the holder of the patent title to the land in controversy, and the defendants claim under a tax deed, which the plaintiff claims is invalid, for the reason that the taxes had been paid prior to the sale for delinquent taxes. The land was sold in 1867 for the taxes of 1866, and in 1871 the treasurer conveyed the land in controversy to one of the defendants. The plaintiff, conceding that the deed was presumptive evidence that the taxes had not been paid prior to the sale, assumed the burden of proving they had been paid. For this purpose he introduced in evidence so much of the tax list or duplicate of 1866 as refers to the land in controversy. It is as follows:

1. TAX sale and deed: evidence of payment before sale.

## TAXES FOR YEAR 1866.

| NAMES OF OWNERS. | DESCRIPTION OF LANDS. | Section. | Township. | Range. | Acres. | Value of Land. | State. | County. | School. | Road. | School-house. | Bridge. | Total. | REMARKS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sold, 230 | N. E. ¼ N. E. ¼ | 26 | 94 | 34 | 40 | 100 00 | 25 | 1 00 | 20 | 30 | 1 00 | 30 | 3 05 | The N. E. ¼ 26, |
| Sold, 231 | N. W. ¼ N. E. ¼ | 26 | 94 | 34 | 40 | 100 00 | 25 | 1 00 | 20 | 30 | 1 00 | 30 | 3 05 | 94, 34, was paid, |
| Sold, 232 | S. E. ¼ N. E. ¼ | 26 | 94 | 34 | 40 | 100 00 | 25 | 1 00 | 20 | 30 | 1 00 | 30 | 3 05 | and should not |
| Sold, 233 | S. W. ¼ N. E. ¼ | 26 | 94 | 34 | 40 | 100 00 | 25 | 1 00 | 20 | 30 | 1 00 | 30 | 3 05 | be sold. |

Plaintiff also introduced the following paper:

TAX-RECEIPT STUB.

No. 25.        Dated December 22, 1866.        $12.20

Name, J. W. Unangst.

Description, N. E. ¼ Sec. 26, Tp. 94, R. 34.    Acres, 160.

*Kind of Tax and Amounts.*

State, $1.00; county, $4.00; school, 80c; road, $1.20; bridge, $1.20; district, $4.00; total, $12.20. N. B., 1866.

"*State of Iowa, Palo Alto County:* I, Robert Shea, treasurer of Palo Alto county, Iowa, do hereby certify that

the paper hereto attached is a correct copy of a tax-receipt stub, as the same appears now in my office.

"Witness my hand at my office in Emmetsburg, Palo Alto county, Iowa, this seventeenth day of June, A. D., 1885,

"ROBERT SHEA,

"Treasurer of Palo Alto Co., Iowa."

To both of the foregoing the defendants objected on the ground of incompetency and irrelevancy, and that the latter was not a copy of any record required by law to be kept in the treasurer's office.

When the sale was made the Revision was in force, and it is therein provided that "the treasurer shall * * * make out and deliver to the tax-payer a receipt for the taxes paid, stating the time of payment, the description of the land, the amount of each kind of tax, the interest on each, and costs, if any; * * * and shall make the proper entries of such payment in the books of his office, and such receipt shall be in full for his taxes that year. The books and records belonging to the office of * * * the county treasurer, or copies thereof duly certified, shall be deemed sufficient evidence to prove the sale of any real property for taxes, the redemption thereof, or the payment of taxes thereon." Revision, §§ 760, 788.

It will be observed that the statute makes it the duty of the treasurer, when taxes are paid, to make proper entries of that fact in the books of his office. The entry therefore may be made on the tax-list, or on a stub of the tax-receipt, or on both; but, when made, the same shall be deemed sufficient evidence of the payment of taxes. It is, however, said that the stub of the tax receipt is not a copy of any book required by law to be kept in the office of the treasurer. The statute does not name, or in any way describe, the books that shall be kept. The meaning and intent of the statute is that such books shall be kept as are necessary for the convenient transaction of the business of the office, and such books, whatever they may be called under the statute, become records in

the office. There is no doubt that 'there was used in the office a book or books of tax receipts, to which are attached "stubs," for the latter were found in the office nearly twenty years after the receipt was given, if given at all. The entries so made in the books are not secondary, but are made primary evidence of the fact of payment. We think the copy of the stub introduced in evidence, and also the tax-list, are copies of records in the treasurer's office. It was so held as to the stub in *Ellsworth v. Low*, 62 Iowa, 178.

The "stub," if it proves anything, establishes that the taxes were paid by J. W. Unangst, on December 22, 1866. At that time, the land in controversy described in the receipt was owned by him. He died in 1868. Does the evidence introduced overcome the presumption created by the tax deed? We think it does. The "stub," it seems to us, could not be in existence unless the fact of payment existed. We think the production of a tax receipt would overcome the presumption created by the deed, and, under the statute, the "stub" must have the same effect, for it must be deemed "sufficient evidence of the payment of the taxes." In addition to this, the entry on the tax-list cannot be ignored, but it is entitled to consideration. We therefore reach the conclusion that the court rightly held that the tax deed was invalid, and that plaintiff was the owner of the real estate.

It is, however, claimed that the defendant who now claims the land is a *bona fide* purchaser, and therefore is entitled to be protected. In this view we do not concur, for the reason that her grantor had no title to convey. The tax deed being invalid, the title remained in the owner of the patent title, under whom the plaintiff claims.

2. ——: sale void: innocent purchaser.

II. The defendants pleaded that they had paid the taxes on the land in controversy from 1867 to 1883, inclusive, and asked that if the deed was set aside they have judgment for the taxes so paid, together with penalties and costs. The relief asked was granted,

3. ——: deed set aside : reimbursement of purchaser.

and of this the plaintiff complains. The plaintiff asks a court of equity to set aside an incumbrance on the land which is valid on its face, and yet insists that money expended to protect and preserve the title, and which the owner, whoever he was, was bound to pay, shall not be refunded by him as a condition precedent to setting aside the tax deed. We think it would be inequitable to do so. It seems to us that the rule that he who asks equity should do equity must be applicable. The land at all times was bound for these taxes. If they had not been paid, it could have been sold, and a valid title have been obtained. The plaintiff is entirely willing to accept all the advantages resulting from the payments made, and therefore he must assume the burdens. *Harber v. Sexton*, 66 Iowa, 211; *Kessey v. Connell*, 68 Id., 430.

The amount allowed the defendants we understand to be the amount of the taxes paid, and six per cent interest thereon. A claim is made that the defendants did not pay the taxes, but we think it fairly appears from the evidence of Barney that they were paid by or for the defendant Sauerwein. There is some question made as to the costs, but we think, in this respect, the court did not err, and therefore the judgment on both appeals is

AFFIRMED.

REED, J., *dissenting.*—The holding of the majority is that the payment of the taxes is proved by the tax-receipt "stub" introduced in evidence, and the entry on the tax-list. I do not concur in that holding. The entries in the books and records in the treasurer's office have just such weight, as evidence of the payment of the taxes, as is given them by the statute. In the absence of statute, they would not be admissible at all as evidence of payment. Under it, however, they are admissible; but, to be of any weight as evidence of payment, they must show the fact of payment. In my opinion, the "stub" cannot be regarded as any evidence whatever that the taxes were paid. It does not contain any

recital or statement that they were paid. The most that can be said is that it indicates that a receipt had once been executed which, if it could be produced, would show the payment of the taxes. But the statute does not make it evidence of that fact. It is admissible in evidence only for the purpose of proving the payment of the taxes; and I am not able to see how an instrument which contains no statement that the payment has been made can be regarded as evidence of payment.

The entry in the tax-book was not shown to have been made by the treasurer. Neither is it shown that it was made at the time of the alleged payment. The language of the entry indicates, rather, that it was not made at that time. But if we were to indulge the presumption that it was made by the treasurer, and at the proper time, it is but *prima facie* evidence of the payment. But the deed is also *prima facie* evidence that the taxes had not been paid. The burden was on plaintiff to establish the fact of payment. He was required to overcome the presumption which arises upon the deed which he seeks to have set aside. The holding of the majority is that he has done this by producing a record which has no greater weight as evidence under the law than the instrument has which he seeks to overthrow. I humbly submit that this conclusion is not supported by either reason or law.