## La Rue v. King et al.

1. **School Lands :** FORECLOSURE OF SALE CONTRACT : PURCHASE BY SURETY : EFFECT OF PRIOR TAX SALE. The surety of a purchaser of school land upon credit may purchase the land at judicial sale upon the foreclosure of the contract of purchase, even though the judgment on which it is sold is against him as well as his principal ; and his title will be free from any encumbrance on account of a prior sale of the land for taxes, under chapter 101, Laws of 1876.

2. **Tax Sale and Deed :** RIGHTS BASED THEREON : STATUTE OF LIMITATIONS. The statute of limitations begins to run against a purchaser at tax sale at the time when he might obtain a deed ; i. e., three years after the date of sale ; and after five years from the time it begins to run, not only is the tax title extinguished, but all rights which are dependent upon it. (See cases cited in opinion.)

3. ———— : FAILURE OF TITLE : RECOVERY OF TAXES : STATUTE OF LIMITATIONS. One who bids off land for taxes, and pays subsequent taxes thereon, but fails to get title to the land, cannot recover of the owner the taxes so paid by him after five years from the date of payment. (Compare *Sexton v. Peck*, 48 Iowa, 251 ; *Brown v. Painter*, 44 Iowa, 368.)

4. ———— : ———— : ———— : WHEN NOT ALLOWED. Where one bids off at tax sale school lands which have been sold on credit, and pays subsequent taxes thereon, and afterwards the land is sold upon a foreclosure of the school-fund mortgage, he cannot recover the taxes paid by him of the purchaser at the foreclosure sale, because, the taxes having been paid before such purchaser obtained title, there can be no presumption that they were paid at his request. (*Goodnow v. Moulton*, 51 Iowa, 555, and *Fogg v. Holcomb*, 64 Iowa, 621, distinguished.)

*Appeal from Adams District Court.*—Hon. R. C. Henry, Judge.

Filed, March 12, 1888.

Action brought by Frank L. La Rue to enjoin the execution of a tax deed, and to set aside the tax sale. Defendant King filed answer, by which he resists the

granting of the relief asked, and asks affirmative relief. A demurrer to his answer was sustained. He elected to stand on his answer, and a decree for plaintiff was rendered, as prayed. By agreement, the case as to defendant, the treasurer of Adams county, is to abide the issue as to defendant King. Defendants appeal.

*W. S. Strawn*, for appellants.

*H. T. Granger*, for appellee.

ROBINSON, J.—The land involved in this action was a part of the land granted to the state for school purposes. In 1866 Adams county entered into a contract with Mark Homan for the sale of this land. Homan failed to make the payments required by the contract, and in March, 1881, it was foreclosed. The land was sold under special execution in June, 1882; and January 8, 1884, a sheriff's deed was issued, pursuant to the sale, to the purchaser, one Snyder, who is the plaintiff's grantor. October 1, 1877, the land was sold to defendant King for the delinquent taxes of 1874–1876. The purchaser afterwards paid the taxes of 1877–1882. In December, 1886, King served plaintiff with notice of the taking of a tax deed under the sale aforesaid. The answer admits these facts, and alleges that Snyder signed the note of Homan secured by the school-land contract as surety; that judgment was rendered against him for the full amount of the note, interest and costs in the foreclosure proceedings; that he purchased the land pursuant to and under his obligation to pay the debt; and that the land is so liable in his hands, and in the hands of his grantee, for the taxes specified.

I. The first question we need to consider is the effect of the purchase by Snyder. It is claimed by appellants that the sale to him did not free the

1. SCHOOL LANDS: foreclosure of sale contract: purchase by surety: effect of prior tax sale.

land from the taxes paid; that it only transferred to him the interest of his principal; that he could take no higher interest than that of his principal; and that such interest was specifically made, by statute, subject to the lien

of a tax sale. It is true that Snyder was surety for Homan on the school-fund note, but he was not a party to the land contract. As surety, it was his privilege to have the property of his principal first exhausted before his own property could be taken to satisfy the judgment debt. This being true, he had the right to have the property of his principal sold for the best price which could be obtained, and, if he was willing to pay more than any other bidder, there was nothing in the law to prevent his doing so. It is true that the price he paid for the land satisfied the judgment for the payment of which he was bound; but in law the payment was made by the principal through the sale of his property, and it not only satisfied the judgment, but discharged his contingent liability to his surety as well. In case the surety had paid the judgment without a sale of the property, he would have been entitled in equity to be subrogated to all the rights of the creditor. *Searing v. Berry*, 58 Iowa, 23. We see no reason for holding that by the sale he assumed the liabilities of his principal with the title which he received.

II. Defendants ask that the tax sale be enforced against plaintiff, or, if that cannot be done, that King be permitted to redeem from the foreclosure sale, alleging that he was not a party to the foreclosure proceedings. Plaintiff objects to the granting of this relief, on the ground that it is barred by the lapse of time. If defendants are entitled to any relief whatever, the foundation of that right must be found in the tax sale. That sale was made October 1, 1877. Had King pursued the course authorized by statute, he would have been entitled to a deed on the first day of October, 1880. The statute of limitations began to run against him not later than that date. *Hintrager v. Hennessy*, 46 Iowa, 602; *Executor of Griffith v. Carter*, 64 Iowa, 197; *Hintrager v. Traut*, 69 Iowa, 747. Hence King's right to a deed was barred on the first day of October, 1885. That right having lapsed, all rights which were dependent upon it must be at an end. *Smith*

*v. Foster*, 44 Iowa, 443.    Therefore, King is not entitled to have the tax sale established as paramount to the title of plaintiff, nor can he be permitted to redeem from the foreclosure sale.

III.    Defendants insist that King is at least entitled to recover of plaintiff the taxes which it is admitted he has paid. It is evident, from a consideration of the decisions of this court, that he can-not recover for any taxes paid more than five years prior to the filing of his counter-claim. *Sexton v. Peck*, 48 Iowa, 251 ; *Brown v. Painter*, 44 Iowa, 368.    Defendants admit that King has never occupied the land, and there does not appear to have been any contest as to title when the taxes were paid.    We need consider only the taxes of 1882.    If they were paid when due, as we must presume, in the absence of any showing to the contrary, for the pur-poses of this case, they had been paid more than three years when plaintiff obtained his title.    It can-not be said that plaintiff was under any obligation to pay the taxes of 1882, when paid by King ; hence no request to pay, and promise to refund, can be presumed against the plaintiff, and no support for such a claim can be found in *Goodnow v. Moulton*, 51 Iowa, 555, nor in *Fogg v. Holcomb*, 64 Iowa, 621.    King is now in no better position to enforce a claim for this tax against plaintiff than he would have been had he made the payment with-out reference to the tax sale.

IV.    Counsel for appellants have devoted a portion of their argument to the consideration of alleged fraud. We discover nothing in the record to sustain any claim of fraud.

We discover no error in the sustaining of the demurrer.    The case is, therefore,

AFFIRMED.

