# BUCK v. HOLT et al.

1. **Judgment** : WHEN RENDERED : RECITAL OF DATE CONTRADICTED BY CLERK'S FILING. Where a decree recited that it was rendered on a certain date, *held* that the date of its rendition could not be contradicted by the clerk's certificate as to the time of filing it. (Compare *Holmes v. Budd*, 11 Iowa, 109; *Mornyer v. Cooper*, 35 Iowa, 260.)

2. **Appeal** : TIME OF TAKING : DATE OF JUDGMENT. The time for taking an appeal dates from the time when the judgment appealed from is rendered as shown by the judgment itself, and not from the date shown by the clerk's filing, where there is a discrepancy. (Compare *Carter v. Sherman*, 63 Iowa, 694.)

3. - ——— : TRIAL DE NOVO : IMMATERIAL EVIDENCE WANTING. A trial *de novo* will not be refused in this court on the ground that the evidence is not all in the record, where it appears that the missing evidence is immaterial. (Compare *Palo Alto County v. Harrison*, 68 Iowa, 86.)

4. **Deed** : EXECUTION : EVIDENCE. A warranty deed made by a woman and her husband cannot be invalidated as against the grantee, much less against a *bona-fide* subsequent purchaser, upon the testimony of the woman that she was not aware that she had signed a warranty deed, but thought that she had signed a power of attorney to sell other land, and that at the time she supposed that she had lost through tax sales the land described in the deed; and the testimony of the husband that they did not execute the deed, but a power of attorney;—the woman making no claim that any fraud was practiced upon her, nor that she did not know the contents of the paper, and the husband stating that he did not read the instrument at all, but understood that it was a power of attorney.

5. **Tax Sale** : PRIOR PAYMENT OF TAX : EVIDENCE. The evidence in this case, consisting of an imperfect stub of a tax receipt and other evidence (see opinion), considered, and *held* to show that the tax for which the land in question was sold had been paid prior to the sale.

6. **Vendor and Vendee** : NOTICE OF PRIOR TITLE : POSSESSION : WHAT SUFFICIENT. A purchaser of land is charged with notice of the rights of a prior purchaser from his grantor, even though the prior deed is not on record, if the prior purchaser is in possession of the land ; and in this case *held* that the fact that the prior purchaser had enclosed the land with furrows, some of which were within its boundary line, some upon that line, and some outside, and that such furrows were easily seen and their existence a matter of notoriety in the neighborhood, was such possession as to charge the subsequent purchaser with notice of his rights. (See cases cited in opinion.)

7. **Tax Sale and Deed** : WRONGFUL SALE : RECOVERY OF TAXES PAID. One who in good faith purchases land at tax sale, and procures a tax deed which is valid on its face, and afterwards pays taxes on the land, may recover such taxes from the owner, when he has the tax deed set aside in a court of equity on the ground that no taxes were due on the land when it was sold : and such taxes will be made a lien on the land in such equitable action. (Compare *Gardner v. Early*, 69 Iowa, 45.)

8. **Occupying Claimant** : RECOVERY FOR IMPROVEMENTS : REMEDY : PRACTICE. An occupying claimant of land, when made a defendant in an action to quiet title in another, cannot in that action set up his claim for improvements, but must wait until the question of title is determined against him. (See *Fogg v. Holcomb*, 64 Iowa, 628.)

*Appeal from Sioux Circuit Court.*

FILED, MARCH 12, 1888.

ACTION in equity to quiet title to a quarter-section of land in Sioux county, and for general equitable relief. Defendant Nellie Holt claims title under a tax deed, and defendant Milo D. Gibbs claims title under a deed from a grantor in plaintiff's chain of title. The circuit court rendered a decree in favor of plaintiff and against both defendants. The defendants appeal.

*Finley Burke, George W. Hewitt* and *T. B. McMartin*, for appellant Holt.

*Pitts & Kessey*, for appellant Gibbs.

*J. J. Bell* and *W. S. Palmer*, for appellee.

ROBINSON, J.—I.   Appellee insists that the appeal was prematurely taken, and hence that the case cannot be considered on its merits.   It appears that the case was submitted to the circuit court at the February term, 1886, and then taken under advisement, to be determined, and decree entered and recorded, in vacation, as of said February term.   The decree recites that it was rendered on the twenty-third day of August, 1886, and the notices of appeal were served, and the clerk secured his fees for a transcript of the record, on the twenty-eighth day of that month.   The abstract sets out the decree, and at the end thereof shows the following:  "Filed, September 4, 1886. Jellie Pelmulder, Clerk, C. C."   We infer from this, and from the arguments of counsel, that the paper on which the decree was originally written and signed by the judge of the court was not filed with the clerk and recorded until several days after the notices of appeal were served, and fees for a transcript secured. The real question presented for our determination is whether the decree, as recorded, can be contradicted by the clerk's record of the time when the paper upon which it was originally written was filed.   We are clear that this question must be answered in the negative. The decree is a verity, which must stand as recorded until corrected by the proper proceedings.   It cannot be controverted by the certificate of the officer whose duty it is to preserve it.   *Holmes v. Budd,* 11 Iowa, 190 ; *Mornyer v. Cooper,* 35 Iowa, 260.   The material fact is the time when the decree was rendered.   *Carter v. Sherman,* 63 Iowa, 694.   The decree itself says it was rendered on the twenty-third day of August, 1886.   This statement cannot be overcome by the certificate of the clerk.   Hence we conclude that the appeal was not taken prematurely.

II.   It is further insisted by the appellee that this court cannot try the case *de novo,* for the reason that the

1. JUDGMENT: when rendered: recital of date contradicted by clerk's filing.

2 APPEAL : time of taking : date of judgment.

evidence offered in the circuit court was not
properly preserved and certified by the trial
judge, and that a portion of the evidence so
offered is not before this court. The
abstract of appellants contains one hundred and
sixteen pages. Appellee filed an additional abstract,
containing one hundred and eight pages, of which more
than eighty are devoted to the giving of evidence alleged
to have been omitted or misrepresented by appellants.
It appears from this additional abstract, and the argu-
ments by counsel for appellee, that the evidence in dis-
pute consists of portions of certain county records which
are in fact abstracted, or the contents of which are
shown. In the view we take of this case, we deem the
evidence alleged to have been omitted to be immaterial.
All the evidence material to a determination of the case
on its merits is shown to be before us, and we will not,
therefore, refuse to hear the case on its merits because
immaterial matter may not have been preserved. *Palo
Alto County v. Harrison,* 68 Iowa, 86.

III. It appears from the record that one Helen
M. Pease held title to the land in controversy from May
17, 1862, to August 29, 1865. Between
these dates she married a man named
Weed. On the last-named date she and
her husband executed a warranty deed for the land to
her brother, Henry R. Pease. This deed is attacked by
defendants, on the ground that the grantors therein
supposed that it was a power of attorney to convey land
thought to be near Council Bluffs, and that they had no
intent to execute a warranty deed for the tract in con-
troversy. The evidence to support this claim is very
meager and unsatisfactory. Mrs. Weed testifies that
she was not aware that she signed a warranty deed to
her brother; says that it is her remembrance that she
gave him a power of attorney in 1865 to convey land in
Iowa which she supposed was located in or near Council
Bluffs; that at that time she supposed she had lost
her Sioux county land by non-payment of taxes. She
does not claim that her brother used any artifice or

3. ——: trial de novo: imma-terial evi-dence want-ing.

4. DEED: execu-tion: evi-dence.

fraud to procure the deed, nor that she did not in fact know its contents when she executed it. The husband testifies that they did not execute to the brother any conveyance but the power of attorney ; but states that he did not read the instrument which he signed, but understood it was a power of attorney, and not a deed. It is worthy of note, in this connection, that Mrs. Weed misdescribes the instrument which she executed to defendant Gibbs in December, 1884. It is evident that the evidence submitted is wholly insufficient to show that the deed to Henry R. Pease was invalid. No ground for relief against him is shown, and certainly no presumption is raised against his grantee, who holds title by warranty deed. *Winkler v. Miller*, 54 Iowa, 477.

IV. It is contended by appellee that he paid the tax of 1867, for which the tax deed to defendant Holt was given, on the twenty-fourth day of August, 1868. The tax sale took place on the first day of February, 1869. To support this claim, the appellee shows that, in the spring or early summer of 1868, he ascertained the amount of tax on the land in controversy, and on another tract of eighty acres in Sioux county, including, as he then understood it, the taxes of 1867. In August, of the year 1868, he caused to be sent to the treasurer of Sioux county money sufficient to pay all delinquent taxes, including those for 1867, for the purpose of paying such taxes. Receipts were returned to him, seven of which are in evidence. Plaintiff testifies that when these tax receipts were received, in 1868, he supposed and believes that one for the tax in controversy was with them. He shows facts which might reasonably account for its loss, and does not know where it is. All the receipts introduced are dated August 24, 1868. Three are for the taxes of 1860, 1861 and 1862, on the eighty alone, and four are for the taxes of 1863, 1864, 1865 and 1866, on both tracts. In addition, a stub of a tax receipt was introduced in evidence, dated August 24, 1868, showing payment of taxes on both tracts of land. The year for which the taxes were paid is not

shown. The taxes paid were $8.88, and the interest sixty-five cents. It is claimed by appellants that this is the, stub for the tax receipt for 1866. It does, indeed, bear the same number, and the interest is written opposite the state tax, and is the same as that written in the receipt for the tax of 1866 ; but there are two numbers on the stub, showing the aggregate of the receipt to have been $9.53, while the receipt for the taxes of 1866 shows the payment of $14.44. The amounts of school-house tax indicated in the receipt and in the stub are not the same. On the whole, we think the stub shows a payment of taxes on the land in question, and that the preponderance of the evidence is in favor of its being the tax of 1867. *Harber v. Sexton,* 66 Iowa, 212 ; *Harrison v. Sauerwein,* 70 Iowa, 292.

V. The conveyances in plaintiff's chain of title, commencing with Helen M. Weed (formerly Pease), are

6. VENDOR and vendee: notice of prior title: possession: what sufficient.

as follows : Helen M. Weed and husband to Henry R. Pease, warranty deed dated August 29, 1865, and recorded in Sioux county, January 14, 1885 ; Henry R. Pease and wife to Horatio B. Buck (plaintiff) and Addison D. Loose, warranty deed dated May 12, 1868, and recorded August 24, 1868 ; A. D. Loose and wife to plaintiff, quit-claim deed, dated November 24, 1884, and recorded December 22, 1884. Defendant Gibbs claims title under a deed which warrants against all persons claiming through the grantors, except as against taxes, tax sales and tax deeds, and which was executed by Mrs. Weed and husband on the eighteenth day of December, 1884. He claims to be a good-faith purchaser for value, without notice of the rights of plaintiff, and, therefore, to be entitled to have his title established and quieted as against plaintiff. It is true that the record which existed at the time the deed to Gibbs was executed did not disclose title in plaintiff ; but it is shown that, prior to November, 1884, the land in question was uninclosed and uncultivated prairie. No one had been in actual possession of it. During the first half of that month the plaintiff took possession of the land, and caused

a furrow to be broken on each side of it. In some places the furrows were on the land,—in some, on its boundary lines; and in some, outside such lines; but together they enclosed the land. Plaintiff took such possession with intent to hold the land, and assert his ownership; and he has since that time endeavored to maintain it. When Gibbs took his deed, there was no house or other improvement on the land, and no evidence of possession, excepting these furrows. He claims to have gone onto the land prior to the purchase, and that at that time he did not see the furrows. He places the time of his visit in November, before his purchase; but whether it was before or after the time given for the plowing of the furrows is not shown. That, however, is not material, for the reason that it is in evidence that when he made the purchase the furrows inclosed the land, and were easily seen, and their existence a matter of notoriety in that neighborhood. We therefore conclude that, when he purchased, the land was so far actually occupied by, and in the actual possession of, plaintiff, that defendant Gibbs was chargeable with notice of his interest therein, and that no title passed by the deed of December 18, 1884. *Sapp v. Walker*, 66 Iowa, 497; *Ellsworth v. Low*, 62 Iowa, 180; *Spiller v. Scofield*, 43 Iowa, 572.

VI. Appellant Nellie Holt avers that she has paid taxes, by virtue of the tax sale and deed under which she claims title, from the year 1869 to 1883, inclusive, and shows the dates and amounts of such payments. She asks that, in case the tax deed be held invalid, she be permitted to recover of plaintiff the amount of the payments she has made, with interest, and that the same be established as a lien against the land in question. The evidence satisfies us that she holds a tax deed which appears to be valid on its face; that she has in good faith paid the taxes for fifteen years. Plaintiff has received the benefits of these payments, and should repay them to defendant Holt, with interest. *Gardner v. Early*, 69 Iowa, 45.

**7.** Tax sale and deed: wrongful sale: recovery of taxes paid:

VII. Appellant Gibbs alleges that he took posses-
sion of the land under his deed, and made valuable

8. OCCUPYING
claimant: re-
covery for im-
provements:
remedy: prac-
tice.

improvements thereon. He asks that, in
case his deed is found not to have passed
title to him, he be awarded the value of his
improvements. We do not determine
whether he is entitled to recover for them or not, but
find it sufficient to say that, if he is entitled to any
relief, it must be obtained by other means than this.
action. *Fogg v. Holcomb*, 64 Iowa, 628.

VIII. The decree of the circuit court is so far
modified as to allow appellant Nellie Holt to recover of
appellee the sum of $505.62 ; and said amount is estab-
lished as a lien against the premises in question. In all
other respects this case is

AFFIRMED.