J. M. KING, Appellant, v. ALWILDA BOLT, WALTER BOLT, MRS. WALTER BOLT, DORA JOHNSON, NEVA WATSON, WILLIAM WATSON, Appellees.

**Tax deeds:** LIMITATIONS: TITLE. Proof of title is a condition precedent to the right to take advantage of the five year limitation statute with reference to tax deeds, but such title need not be a record or a patent title, but the same may be a title acquired by adverse possession.

**Same:** HOMESTEAD: UNAUTHORIZED ACTS OF HUSBAND: ADVERSE POSSESSION OF WIFE. Where, as in this case, the husband and wife were in peaceable and exclusive possession of the homestead, the husband alone, and without the knowledge of the wife, could not bind the property by an agreement to repay plaintiff the amount of taxes paid by him under his tax deed to the premises. And as the wife's possession was under an independent right, and

not subject to the control of her husband when the period within which an action to recover the property sold for nonpayment of taxes had expired, all rights under plaintiff's tax deed were extinguished and he could claim nothing thereunder, or by virtue of the agreement with the husband alone to repay the taxes.

Same: ACTION TO QUIET TITLE: RECOVERY OF TAXES: LIMITATION. It is the general rule that failure to bring action for the recovery of real property based upon a tax sale or deed, within the time fixed by law, will bar recovery for taxes paid on the property by the holder of a tax title. And this rule applies in the instant case, in which plaintiff is seeking to quiet his title pursuant to a tax deed and is asking in case this can not be done that he recover the taxes paid by him, it appearing that plaintiff made no claim under his deed until after it was barred by the statute of limitation.

*Appeal from Montgomery District Court.*—HON. E. B. WOODRUFF, Judge.

FRIDAY, APRIL 7, 1911.

ACTION to quiet title to a lot in the city of Red Oak. Defendants pleaded adverse possession and other defenses, and also by counterclaim asked that title be quieted in them. Decree for defendants, and plaintiff appeals. *Affirmed.*

*P. W. Richards,* for appellant.

*J. M. Junkin,* for appellees.

DEEMER, J.—The lot in controversy was sold for the delinquent taxes of the years 1876, 1877 and 1878, at the regular tax sale held in November of the year 1879, to the plaintiff. Thereafter and on June 14, 1888, a tax deed for said lot issued to the plaintiff pursuant to said sale. Defendant Alwilda Bolt claims to have acquired title to the said lot through a deed from one Honeyman, which deed was never recorded and, it is claimed, was

lost many years ago. Pursuant to said deed, defendant took immediate possession of the premises and occupied the same with her husband as a homestead down to the year 1893, when her said husband died. She continued in the occupancy of the premises from the time of her husband's death, claiming to own the same, until the commencement of this action. During her occupancy she improved the premises, expending at least $600 in betterments thereon. These improvements were commenced in the year 1882, and were continued down to near the time of the commencement of this action. She knew nothing of the tax sale of the premises, and always claimed to the assessor since the death of her husband that the property was exempt from taxation, because she was a soldier's widow and did not think the property was subject to taxation. The assessors informed her that the property was exempt to her as such and upon this she relied. Whether or not taxes were levied and assessed against the property for the years 1879 to 1889, inclusive, and, if so, by whom paid does not appear. Plaintiff, however, did pay taxes upon said property from the year 1889 to 1900. Neglecting to pay thereafter, the property was again sold for taxes in the year 1900 to one P. W. Richards. On January 20, 1908, Richards gave notice to the defendant Alwilda Bolt of his purchase, and that the right of redemption would expire within ninety days from the date of the service thereof. Upon receipt of this notice, defendant Bolt redeemed the property from the tax sale by paying the amount necessary to effectuate the same to the county auditor. No deed was issued pursuant to this second sale, but Richards assigned his certificate of sale to the plaintiff in this suit. This was done after defendant had deposited the money for redemption with the county auditor. Plaintiff never gave the defendant any notice that he was claiming title to the lot, and, although he lived within but a few blocks from

the premises, never made any claim thereto, and when notified that certain sidewalks should be constructed or repaired he directed the officer to the defendant Bolt, asserting that he had nothing to do with the property, and that notice should be given to the defendant Mrs. Bolt. This was before the time that Richards served his notice of redemption. Plaintiff claims, however, that he had an arrangement with plaintiff's husband during his lifetime, whereby the said husband was to work out the amount of the taxes paid by plaintiff, with interest and costs, and that when this was done he would deed the property to the said husband. That such agreement was made with the husband is satisfactorily established, and plaintiff also shows, or attempts to show, the number of hours worked by the said husband pursuant to this agreement. Plaintiff asks that in the event his title under his tax deed be not established, he have a decree for the amount of the taxes paid by him, with interest and costs, after deducting the value of the labor performed by defendant's husband before his death, amounting, as we understand it, to the sum of approximately $100. The defendant, whilst not denying this agreement, pleads that her husband had no authority to make it for her or on her behalf, and that in any event plaintiff's right to recover for the taxes paid by him is barred by the statute of limitations. In response to this plaintiff asserts that defendant's possession and occupancy of the premises has always been permissive, that her title is not adverse, and that she is in no position to challenge the tax deed, because she has not shown any title to the lot.

Code 1897, section 1445, provided: "No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of sale, or that the title was obtained from the United

1. Tax deeds: limitations: title.

States or this state after sale." Under this section it has repeatedly been held that proof of title is a condition precedent to the right of a party litigant to take advantage of what is known as the five year limitation statute, with reference to tax deeds. This latter statute, being section 1448 of the Code of 1897, reads as follows: "No action for the recovery of real estate sold for the nonpayment of taxes shall be brought after five years from the execution and recording of the treasurer's deed, unless the owner is, at the time of the sale, a minor, insane person or convict in the penitentiary in which case such action must be brought within five years after such disability is removed." But the title therein referred to need not be a record or patent title. If the party attacking the deed has title by adverse possession, this may be shown to defeat an action for the recovery of real property based upon a tax deed. *Shelly v. Smith,* 97 Iowa, 259; *Roth v. Munzenmaier,* 118 Iowa, 326; *Clark v. Sexton,* 122 Iowa, 312; *Chandler v. Keeler,* 46 Iowa, 596.

That defendant Alwilda Bolt has been in the peaceable, uninterrupted and hostile possession of the property since the time she claims to have received the deed therefor from Honeyman is conclusively established by the evidence. That the property was the homestead of husband and wife and so continued after the death of the husband is clearly shown, and there is no testimony that the wife had any notice or knowledge of the husband's agreement to repay to plaintiff the amount of taxes paid by him, with interest and costs, after deducting the value of the labor performed by him for the plaintiff. Under the record he surely had no right to in any manner incumber the homestead without his wife's joining him in such agreement. Indeed, plaintiff claims nothing under this agreement, save the right to be reimbursed for the taxes paid by him after giving credits for labor performed. This

2. SAME: homestead: unauthorized acts of husband: adverse possession of wife.

agreement was not made for or on behalf of the defendant Alwilda Bolt and it is not shown that she had any knowledge thereof. It was not therefore binding upon her and the only remaining question is, is plaintiff entitled to a decree for the amount of taxes paid by him, either in virtue of this agreement or because of the equities of the case? That the agreement was not binding upon the wife needs no argument. But see *Beedle v. Cowley,* 85 Iowa, 540, and cases cited therein.

Defendant Alwilda Bolt was in possession of the homestead under an independent right, and not subject to the control of her husband. This right could not be taken away from her by any unauthorized act of her husband, and, as she was in legal possession of the homestead when the five year limitation hitherto referred to expired, all rights under the tax deed were extinguished, so that plaintiff can claim nothing under or in virtue of his agreement with defendant's husband.

II. The only other proposition in the case is plaintiff's right to have judgment against the defendant for the amount of taxes paid by him. The general rule is that one who neglects to bring action for the recovery of real property, based upon a tax sale or deed, within the time fixed by law can not recover the money paid by him in extinguishment of the taxes on such property. *Innes v. Drexel,* 78 Iowa, 253; *Rue v. King,* 74 Iowa, 288; *Roth v. Munzenmaier,* 118 Iowa, 326; *Doud v. Blood,* 89 Iowa, 240.

3. SAME: action to quiet title: recovery of taxes: limitation.

It is plaintiff's contention, however, that this rule does not apply to an action such as this, which is in equity, wherein defendant is asking that her title to the property be quieted as against plaintiff's claim under his tax deed. This proposition presents the only doubtful question in the case. It must be remembered in this connection, however, that plaintiff brought the action, and is now asserting that

his title is good and should be quieted, and that in the event this is not done that he have judgment for the amount of the taxes paid by him. The following cases are relied.upon by plaintiff in support of his contention: *Harber v. Sexton & Son,* 66 Iowa, 211; *Barke v. Early,* 72 Iowa, 273; *Buck v. Holt,* 74 Iowa, 294; *Harrison v. Sauerwein,* 70 Iowa, 291.

None of these seem to be in point. In *Harber's* case plaintiff, who was the owner of the record title, brought a suit in equity to set aside a tax deed, because the land was sold for taxes which had been paid before the sale was had. The trial court allowed defendants compensation for taxes paid by them during the five years last preceding the commencement of the action. This holding was reversed, and they were allowed to recover for all taxes paid; the reason for such holding being that it was not a case where the defendants had been sleeping upon their rights, and that, as plaintiff had seen fit to bring defendants into a court of equity, the defendants, not being guilty of any laches or wrongful act, were entitled to reimbursement as an incident to the relief granted to the plaintiff.

In *Barke v. Early, supra,* plaintiff, the owner of the patent title, brought action in equity to quiet his title and to set aside certain tax deeds held by the defendant. In his petition he offered to pay the defendant the amount of all taxes paid by him which might be found to be "legally due." It was held that this offer to pay a debt legally due applied to a claim which was already barred by the statute of limitations, and that such offer covered all taxes paid by the defendants. It was said in the opinion that "having made the offer to do equity, the court will not hear him set up the statute of limitations as an excuse for his refusal to perform."

*Buck v. Holt, supra,* was an action of like character. The tax deed was held invalid, because the taxes for which the land was sold had been paid before the sale. No ques-

tion was there made regarding the bar of the statute of limitations as against the right of the tax title holder to recover from the owner for the payments made. The case followed *Gardner v. Early,* 69 Iowa, 42, which was also an action by the patent title holder to set aside a tax deed, because the delinquent taxes were not brought forward as required by the law then in existence. No question was there made regarding the statute of limitations, and the decision turned upon the proposition that, as plaintiff had brought his action to set aside the tax deed, it was his duty to reimburse the holder of the tax deed for payments made by him.

*Harrison v. Sauerwein, supra,* was a similar case and was determined upon equitable principles. No question regarding the statute of limitations was in the case, and no pronouncement was made with reference thereto. The present cause is an action brought by the purchaser at the tax sale to quiet his title, or, in the event that such relief be not granted, that he have judgment for the amount of the taxes paid by him such an action is barred in five years. *Brown v. Painter,* 44 Iowa, 368; *Thompson v. Savage,* 47 Iowa, 522; *Sexton v. Peck,* 48 Iowa, 250; *Thode v. Spofford,* 65 Iowa, 294.

In *La Rue v. King,* 74 Iowa, 288, which was an action to enjoin the execution of a tax deed and to set aside a tax sale, the defendant, the holder of the tax deed, answered, resisting the granting of the relief asked, and also prayed that his title to the land be confirmed. He also asked to recover of plaintiff the taxes which he paid. It was there held that he could not recover for taxes paid more than five years prior to the filing of his counterclaim, citing *Sexton v. Peck,* 48 Iowa, 251; *Brown v. Painter,* 44 Iowa, 368.

In *Thode v. Spofford,* 65 Iowa, 294, which was an equitable action to set aside certain tax sales and deeds, plaintiff was required by the decree of the circuit court to

pay certain sums, in order that he might redeem the property from the tax sale, and it was there held that defendants might recover for all taxes paid by them within five years prior to the commencement of the suit, with interest and penalties, and that all sums paid by them · for taxes and upon tax sales before that time were barred by the statute of limitations, citing *Brown v. Painter*, 44 Iowa, 368.

In *Innes v. Drexel*, 78 Iowa, 253, it is said that the five year statute not only extinguishes the tax title, but all rights which are dependent upon it.

The latest pronouncement upon this question seems to be found in *Roth v. Munzenmaier, supra*, which was an action to foreclose a · mortgage, wherein one Young, who claimed under a tax deed, was made a party defendant. The real controversy was between the holders of the ·tax title on the one side and the mortgagee and the holder of the patent title on the other. As against the tax title, the holder of the patent title pleaded the five year statute of limitations and laches. It was held that the plaintiff was under no obligations to reimburse the tax title holder for taxes paid; the reason being that plaintiff was not asking to redeem, but relying upon the five year statute of limitations as an extinguishment of the claim under the tax title. This and the other cases cited seem to rule the question now before us. Whatever of apparent conflict there may be in previous decisions is due to the fact that the principle ruling the different cases, depended largely upon the nature of the relief asked and as to who was the moving party.

In the instant case plaintiff, it seems, relied upon the promise of defendant's husband to reimburse him for the taxes paid. He said nothing about his tax deed to anyone, and defendant never heard of it until shortly before the beginning of this suit. He did nothing by way of asserting his title until his claim was barred by the statute of limi-

tations. ˙ This statute not only operated as a complete defense to his action to quiet title, but also to his claim for taxes paid. His acceptance of the husband's promise to pay the taxes in lieu of his assertion of the title within a reasonable time, his laches in permitting the defendant to expend large sums of money in the improvement of the property, his failure to notify her of his claim or of her obligation to pay any taxes thereon, the fact that since 1893 the property was really exempt from taxation, and the other circumstances in the case render it inequitable that plaintiff be allowed anything for taxes paid. Evidently he was not relying at any time upon the property, but upon the husband's promise to reimburse him for these taxes. If he did not get his pay, it was not the defendant's fault.

No error in the decree is found, and it must be and it is *affirmed.*