LAKE *et al.* v. GRAY, impleaded with JOSEPH WILLIS.

1. Practice: RIGHTS OF PARTY AFTER CAUSE IS REMANDED. Where, on appeal to the supreme court, the ruling of the court below, in sustaining a demurrer to appellant's answer, is affirmed, but the cause is remanded with leave to appellant to answer as to certain portions of plaintiff's petition, he is not restricted to pleading matters of defense only, but may allege facts entitling him to affirmative relief, either at law or in equity.

2. Tax sale: REDEMPTION. It is the tax deed, not the tax sale, that divests the title of the owner; and if redemption is made before the execution of the deed it divests the lien of the tax, and leaves it as free as before sale.

*Appeal from Clinton District Court.*

TUESDAY, SEPTEMBER 17.

THE petition in this case was filed, originally, for the purpose of having an alleged mistake, in a deed from Eunice N. Gray to Joseph Willis, and the same mistake in a deed from Willis to plaintiffs, corrected, and for an injunction against Mrs. Gray restraining her from interfering with, or disturbing, the plaintiffs in respect to the possession of the premises intended to have been conveyed, or making any claim of title thereto, and for general relief.

To this petition the defendant Eunice N. Gray demurred. The demurrer was overruled, and judgment rendered as prayed in the petition. Eunice N. Gray appealed to this court, where the judgment of the district court, "so far as it respected the mistake was sustained and affirmed, and the cause remanded with instructions to permit the defendant Eunice N. Gray to answer to so much of plaintiffs' petition as respected the rights of the parties under the deed as corrected."

The defendant Eunice N. Gray filed an answer, amended

answer and second amended answer, the last being sub-
stituted for the two former.

This second amended answer was stricken out on motion
of plaintiffs, and Mrs. Gray again appeals and assigns this
ruling as error.

*D. Gray* for the appellant.

*W. E. Leffingwell* and *Walter I. Hayes* for the appel-
lees.

MILLER, J. — I. Upon the cause being remanded to
the district court, it stood there in the same position as it
would had there never been any mistake in the deeds.
That mistake had been corrected, and the cause stood as
if plaintiffs had brought their action upon the other
causes alleged in their petition, and to obtain the other
relief prayed.    The defendant Eunice N. Gray was
allowed to make any defenses which she had, whether
legal or equitable, to the claims of plaintiffs upon the
deed as corrected.    The order of this court remanding the
cause did not even restrict her to defenses.    She was at
liberty to state facts entitling her to affirmative relief
either at law or in equity, with the exception that she
could in no manner controvert the description of the land
as in the corrected deeds.    This had been fully adjudi-
cated and settled, and it was the only thing that was
adjudicated up to that time.

The answer contains nine paragraphs, and the motion
seeks to strike out all, except the seventh, for the alleged
reason that " the issues tendered therein are not such as
said defendant is allowed to plead by the judgment of the
supreme court."

These portions of the answer are not vulnerable to this
objection.    In none of them does the appellant seek in
any manner to controvert or call in question the plaintiffs'
right to corrections of the deeds, or to re-open the adjudi-

cation upon that question. The matters set up in these parts of the answer purport to be for the purpose of defeating the title or claim of the plaintiffs under the deed, *as corrected.* Whether the facts alleged are sufficient for that purpose, we do not determine, as that question is not raised by the motion, but should be made by demurrer.

II. The motion seeks to strike out the seventh paragraph, "for the alleged reason that the matters therein stated are immaterial, irrelevant and redundant."

The substance of this paragraph is, that whatever title plaintiffs, or their grantee, Willis, may have had was sold for taxes in 1862 and 1863 ; that the defendant redeemed them from such sales for her own exclusive use, and benefit, and has paid all taxes thereon since, and that Willis never redeemed or paid taxes thereon.

This plea certainly avers no material fact in any manner affecting the title of the plaintiffs. A sale of land for taxes does not divest the title of the owner. If unredeemed it may ripen into a title. But it is the deed — not the sale simply — that vests the title in the purchaser. Rev., § 784.

The effect of redemption before a deed is executed is to divest the lien of the taxes, interest, penalty and costs upon the land, and to leave it free therefrom, in all respects as if the taxes had been paid before sale.

This paragraph was, therefore, properly stricken out. For the error in striking out the other eight paragraphs of the answer the judgment is

Reversed.