## HUNT v. SEYMOUR.

**Tax Sale and Deed:** REDEMPTION BY PAYMENT TO PURCHASER: TAX DEED: INNOCENT PURCHASER FROM GRANTEE: ESTOPPEL. C. purchased land at tax sale, and afterwards, supposing H. to be the owner, he demanded and received of him the amount necessary to to redeem. Afterwards C. took a tax deed for the land, and defendant claims under him. *Held* that C. took nothing by his deed as against H., and that defendant also took nothing, though he had no knowledge of the facts invalidating the title, because H. had nothing to convey. Also, that neither C. nor his privies could be heard to say that H. had not paid the taxes, and that he had not effected a lawful redemption, because he had not paid his money to the treasurer according to the statute, nor that he was not the person entitled to redeem.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FILED, OCTOBER 23, 1888.

ACTION in chancery to quiet the title to land. There was a decree granting the relief prayed for by plaintiff. Defendant appeals.

*Ranck & Wade*, for appellant.

*Ira J. Alder* and *M. Remley*, for appellee.

BECK, J.—I. The plaintiff claims to hold the patent title, and the defendant claims title under a tax sale and deed. Each party introduced evidence tending to support the respective title under which he claims. The plaintiff, by an amended petition, alleges that, prior to the execution of the treasurer's deed, the owner of the land, under whom plaintiff claims title, did, at the request of the purchaser, in redemption from the tax sale and deed, pay to the purchaser the full amount required to make redemption. The facts to be considered upon this defense are these: The lands were purchased at tax sale by Rush Clark, who was an attorney at law. A witness testifies that he was a student in the office of Mr. Clark at Iowa City, and was acquainted with Hunt, the claimant of the patent title, who lived at

Oskaloosa; that Clark requested the witness to ascertain from the records the sum necessary to redeem from the tax sale. The witness furnished Mr. Clark with the information desired, who wrote a letter to Hunt, requiring redemption of the land, which was delivered to him by witness. Mr. Hunt, in response, sent a check by the witness of the amount required to redeem from the tax sale, which he paid to Mr. Clark. This evidence is direct, clear, and without contradiction by other testimony. It establishes the fact that Clark demanded redemption of Hunt, and stated the sum required to redeem, which was paid to Clark by Hunt. We must, under the evidence, accept these as established facts, to be considered in determining the right of the parties.

II. The payment to Clark was made and received to redeem the land from the tax sale. If that redemption is effective, Clark thereafter held no interest in, or claim to, the land under the tax sale ; and a deed executed thereafter conferred upon him no title or right. Upon this point there can be no doubt. The redemption is made by payment to the treasurer; and it may be that, strictly, a redemption made by payment to the purchaser would not be good as to a party, if any such there be, whose interest could not be affected, except upon notice of the redemption. But grantees or representatives of Clark acquired no higher title than was held by him. If for fraud or for any other reason his title was void, it would not be cured when it reached their hands, on the ground that they had no knowledge of the facts invalidating the title. A redemption from a tax sale divests the lien of the taxes, and leaves the land free therefrom, as though the taxes had been paid before the sale. *Lake v. Gray*, 35 Iowa, 44. It will not be claimed that a purchaser at a tax sale, where the taxes have been paid, will hold under a tax deed, if he shows he had no notice of the payment of taxes.

III. But counsel for defendant insist that the statute requires that redemption shall be made by payment to the county treasurer, and that, under the same statute, no one can question a tax title unless he shows title in

himself at the time of the sale. It is also urged that equity will grant no relief to plaintiff, for the reason that he has not offered to do equity by the payment of the taxes. As Clark received the money as a redemption from the tax sale, his privies and representatives cannot now claim that the money was not paid to the treasurer; and, as there was in fact a redemption by payment, plaintiff cannot be required to pay what has already been paid; and, as Clark received the money from plaintiff for redemption of the land, he cannot now deny that plaintiff owned the land. The acts of Clark in seeking redemption, and in accepting payment made for that purpose, will estop him to deny that Hunt was authorized to redeem, and that the redemption was lawfully made. Of the correctness of these views we entertain no doubt. They are in accord with familiar doctrines, which demand here the citation of no authorities in their support. The decree of the district court is.

AFFIRMED.