Samuel Roth, Appellee, v. John G. Munzenmaier, and other Defendants Appellees, and E. A. Young, Admr. of the estate of R. F. Young, deceased, Amelia Lewis, Ida Spitz and E. A. Young, Heirs of R. F. Young, Deceased, Defendants and Appellants.

Action to Foreclose Mortgage; TAX SALE: STATUTE OF LIMITATIONS. Under Code, section 1448, the statute of limitations commences to run three years from the date of sale, and if no action is brought by such purchaser against one in possession within five years thereafter the tax title is extinguished.

Adverse Possession: TITLE: Title by adverse possession is sufficient to support a defense of the statute of limitations.

Possession Under Deed. Where possession is claimed under a deed, such possession is presumtively referable to that deed.

Adverse Possession: COLOR OF TITLE. A deed made by one having no authority to convey constitutes color of title, and will support a claim of adverse possession provided such possession is in good faith.

Payment of Taxes: EVIDENCE OF: The undisputed testimony of plaintiff that he had paid all taxes is sufficient to establish the fact, though he did not produce the tax receipts.

Repayment of Taxes: WHEN NOT REQUIRED. Where plaintiffs rely on the bar of the statute against a grantee in a tax deed, they need not show an offer to repay taxes.

Tax Deed: LACHES: EVIDENCE OF. In asserting claim to land against a tax sale purchaser, it appeared the plaintiff had been in possession twenty-five years, and the tax deed was not taken out for two years and not recorded for nearly four years after the purchaser was entitled to it. *Held*, the holder of the tax deed was guilty of laches.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

TUESDAY, OCTOBER 28, 1902.

SUIT in equity to foreclose a mortgage. Defendants
Munzenmaier claim to be the owners of the patent title
to the property, while the administrator and heirs of
R. F. Young, deceased, claim under a tax deed issued
to one Curtis in the year 1892, based on a tax sale
in the year 1887 for the taxes of the year 1886.
The real controversy is between the holders of the tax·
title, on the one side, and the mortgagee and holder of
the patent title, on the other. As. against the tax title,
the holders of the patent title pleaded the five-year statute
of limitations and laches. The administrator and heirs
of Young responded by saying that neither Munzenmaier
nor the mortgagee had title at the time of the tax sale,
neither have they acquired one since, nor have they paid
the taxes on the property, as required by section 1445 of
the Code. On these issues a trial was had, resulting in a
decree of foreclosure of the mortgage as prayed, and. dis-
missing the cross-petition filed by the Young heirs. The
administrator and heirs appeal.—*Affirmed.*

*H. E. Long* for appellants.

*J. D. Laws* for appellee Roth. *E. T. Morris* for de-
fendant Munzenmaier.

DEEMER, J.—Section 1448 of the Code provided that
no action for the · recovery of real property sold for the
nonpayment of taxes shall be brought after five years from
the execution and recording of the treasurer's
deed, etc. Under this section, it has been
held that the statute begins to run at the time
when the tax-sale purchaser might have obtained his deed,

1. TAX sale:
   statute of
   limitations.

—that is, three years·from the date of sale,—and that, if no action is brought by such purchaser within five years thereafter, the tax title is extinguished. *Innes v. Drexel*, 78 Iowa, 253; *Doud v. Blood*, 89 Iowa, 237; *La Rue v. King*, 74 Iowa, 288. To this rule there are some exceptions, not necessary to be noticed at this time. The material part of section 1445 of the Code reads as follows: "In all cases involving the title to real estate, claimed and held under a deed executed substantially as aforesaid by the treasurer, the person claiming title adverse to the title conveyed thereby, shall be required to prove, in order to defeat the title, either that the real property was not subject to taxation for the year or years named in the deed, that the taxes had been paid before the sale, that the property had been redeemed from the sale, and that such redemption had been had or was made for the use and benefit of the person having the right of redemption, or there had been an entire omission to list or assess the property, or to levy the taxes, or to give notice of the sale, or to sell the property; but no person shall be permitted to question the title acquired by the treasurer's deed, without first showing that he or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes upon the property have been paid by such person or the person under whom he claims title," etc. In the present case the land was sold in the year 1887 to one Curtis for the taxes of the year 1886. Curtis was therefore entitled to his deed on the 5th day of December, 1890. He did not take it, however, until June 16, 1892, and it was not recorded until March 9, 1896. The land was sold to Young on February 22, 1896, and his deed was recorded March 9, 1896. Munzenmaier and his family were in possession of the land in the year 1887, and remained in the use and occupancy thereof down to the time the administrator and

heirs of Young filed their cross-petition in this case. Appellants contend that neither plaintiff, a mortgagee of the land from Munzenmaier, nor Munzenmaier himself, is in position to rely on the five-year limitation statute, for the reason that they have not shown title, or paid taxes as required by section 1445 of the Code, before quoted; while appellees contend—First, that this statute does not apply to the case; second, that, if it does apply, they have shown title from the government, by certain mesne conveyances from the patentee, or by adverse possession, and that all taxes assessed against the land were paid when the action was commenced. The first point for decision then is the applicability of section 1445 of the Code. That the statute applies, at least to the extent of requiring a showing of title in him who pleads the statute of limitations, is held in *Baird v. Law*, 93 Iowa, 742, and cases therein cited. Expressions may be found in some of our cases which seem to indicate a contrary view; but, when these cases are critically examined, it will be found that they are not in conflict with the rule announced in *Baird v. Law*. In some of these cases the tax deed was not issued until more than five years after the purchaser was entitled thereto, and the bar was upheld in favor of one in possession, or of the officer charged with the execution of the deed, without a showing of title. They are readily distinguishable from this case. Here the deed was issued within the statutory period, and the question is, who may dispute the title held thereunder? A tax title taken within the statutory period is secure against all persons save the true owners. Title by adverse possession is a sufficient basis, however, for the defense of the statute of limitations. *Shelley v. Smith*, 97 Iowa, 259. Now, while we are satisfied that plaintiff and Munzenmaier have shown record title to the property from the United States government, and might well place the decision on that ground alone, yet the

2. **Adverse possession: title.**

proof of title by adverse possession is so clear that discussion of the other question is useless.

One Lumsdon went into the possession of the property, claiming to be the owner thereof, in the year 1876. Beckwith, his immediate grantor, built the house thereon, and conveyed the property to Lumsdon by warranty deed dated April 26, 1877. Lumsdon claimed to own the property during all the time he was in possession, and Beckwith, his grantor, held a deed for the same, and claimed to own it before he sold to Lumsdon. June 9, 1879, Lumsdon conveyed the land to defendant Munzenmaier, who went into possession in 1878 or 1879, and has since been in the actual, notorious, and exclusive occupancy thereof, under color of title and claim of right. So that at the time the land was sold for taxes, which was in December, 1887, and at all time thereafter, defendants Munzenmaier and their grantors were in the adverse possession of the land, and this possession was continuous for the full statutory period. Appellant says in response to this that there is no evidence that Lumsdon's possession was under claim of right or color of title. The record, however, does not support this contention. On the contrary, it shows that Lumsdon claimed to be the 3. POSSESSION under a deed. owner during all the time he was in possession of the property; and as the record shows a deed from Beckwith to him under date of April 26, 1877, his possession is presumptively, at least, referable to that deed. So that we have not only possession under claim of right, but also under color of title. It matters not that 4. ADVERSE possession: color of title. plaintiff does not trace title in Beckwith from the general government. The deed, although made by one having no authority to convey, is sufficient to support a claim of adverse possession, provided such possession is in good faith. We are not, of course, to be understood as holding that the general statute of limitations will run against the government. That question is in no way involved in this appeal.

Appellants further suggest that Lumsdon may have been a lessee. There is no evidence that he was, and we may as well assume that he was a bare licensee. Finding a deed to him from Beckwith, the law will presume that he was in possession under the deed. The thought that he may have been in possession as a lessee is a pure assumption, devoid of support in the evidence.

II. Assuming, for the purposes of the case, that plaintiff and Munzenmaier must show that they paid all taxes on the land after the tax deed was issued, it is sufficient to say, in answer to appellant's contention, that we find all taxes due the state and county were paid, except the tax for the year 1900, which matured—the first installment—in March of the year 1901. The cross-petition was filed September 7, 1900, and appellees filed their original answer, pleading the short period of limitations as against the tax deed, October 9, 1900. On January 29, 1901, they filed a substituted answer and cross-petition, and on this the case was tried. Under the statute they might have paid the taxes on the land, or the first installment thereof, at any time after the first Monday in January, but they were not required to do so. As there were no taxes due when appellees filed their first pleading, and they were not in default when the amended and substituted answer and cross-petition was filed, there seems to be no merit in the proposition relied upon to defeat their claim. Appellant says there is no evidence that all prior taxes were paid. This is a mistake. Munzenmaier expressly stated that he had paid all taxes on the land. True, he did not produce tax receipts for all, but his uncontradicted testimony as to payments is sufficient, in the absence of evidence to the contrary.

5. PAYMENT of taxes: evidence of.

There is much doubt in our minds regarding the necessity of any showing as to the payment of taxes by appellees. They are relying simply and solely on the statute of limitations,—a statute of repose,—and are not attacking the

tax deed. Under such circumstances, it seems to have been held that nonpayment of taxes is an immaterial matter. *Brett v. Farr*, 66 Iowa, 684. But however this may be,—and we make no definite pronouncement on the point,—there is sufficient evidence to support a finding that the taxes were all paid when appellees pleaded the bar of the statute.

6. RE-PAYMENT of taxes: when not required.

III. Another point made by appellants is that appellees should not recover because they failed and neglected to offer to repay the taxes paid by appellants and their grantors. Appellees, as we have seen, are relying on the bar of the statute against the tax deed, and in such a case they are not required to reimburse the holder. Appellants are defeated because of their laches, and are in no position to say that, in any event, appellees should reimburse them for taxes paid. Appellees are not asking to redeem, and are under no obligations to appellants because of taxes paid by them in the purchase of the tax certificate.

IV. Lastly, it is insisted that appellees are guilty of such laches as that they should not be heard to attack the tax deed. We hardly think appellants' counsel is serious in this contention. Appellees have been in the undisturbed possession of the land for nearly twenty-five years, and the delay, as it seems to us, has been on the other side. Defendants' grantor did not take his tax deed for nearly two years after he was entitled to receive it. For nearly four years thereafter he neglected to record it. Knowing that appellees were in possession of the property, neither he nor his grantees did anything to disturb them until more than four years after the deed was recorded. If there is any laches in the case, it is on the part of the appellants. Indeed, that alone would seem to be good ground for defeating their action. Their claim is stale and without substantial merit, and the decree is AFFIRMED.

7. TAX deed: laches: evidence of.

BISHOP, J., took no part.