[S. F. No. 2708.   Department One.—July 8, 1903.]

## HENRY J. CROCKER, Respondent, v. JOHN DOUGHERTY, Appellant.

TAX-SALES—CERTIFICATE OF SALE—LIENS FOR TAXES—STATUTE OF LIMITATIONS.—The general statute of limitations operates only to bar suits, and does not apply to the holders of certificates of sale for taxes, or to the lien of the state for taxes, which passes to the purchaser and which can be foreclosed without suit by the issue of the tax-collector's deed, and in no other way.

ID.—ACTION TO QUIET TITLE—LACHES OF LIEN-HOLDER.—In an action by the owner of the land to quiet his title as against a defendant who asserts liens for taxes under certificates of tax-sale, where it appears that the defendant had failed for a period of from twelve to fourteen years to assert his liens, the court was justified in quieting the plaintiff's title, without requiring the taxes to be paid, and in leaving the defendant to his legal rights.

ID.—EQUITABLE TITLE OF PURCHASER—RIGHT TO DEED—TITLE BY PRESCRIPTION.—The right of the holder of a certificate of purchase to his deed, after the expiration of the period of redemption, though amounting to an equitable title, may be adjudged void, in an action to quiet title, where it appears that the deed, if received, would not avail the holder to recover possession as against the plaintiff, and that the plaintiff has acquired a prescriptive title, which is sufficient against the defendant and all other persons.

APPEAL from an order of the Superior Court of the City and County of San Francisco.denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion.

J. H. Henderson, and Beverly L. Hodghead, for Appellant.

A. Everett Ball, for Respondent.

SMITH, C.—This is a suit to quiet title to land. The judgment in the court below was for plaintiff. The appeal is from an order denying the defendant's motion for a new trial. The complaint was filed May 5, 1899. The answer sets up three alleged "liens" on the property, of the aggregate amount of $176.08, based on certificates of tax-sales to one Bosworth, defendant's assignor, of dates, March 30, 1885, March 26, 1886, and April 5, 1887, respectively. There is no prayer for affirmative relief in the answer, but it is alleged that the defendant ought not to have a decree quieting his title, unless upon the condition of paying the above amount.

The motion for a new trial was based on the ground of insufficiency of the evidence to justify the decision of the court; and the only specification that requires consideration is, that "the evidence is insufficient to justify the decision that the defendant, Dougherty, is not entitled to a lien upon the . . . property [in question] for the amount specified in the answer," etc. The evidence bearing on this specification—which is all the evidence in the bill of exceptions—is: 1. A stipulation to the effect "that the plaintiff was, at the commencement of the suit, the owner of the lands and premises described in the complaint, except in so far as the said lands and premises might be affected and encumbered by the liens asserted by the defendant, based on the tax-certificates and proceedings mentioned in the answer," etc.; that "at the time the tax-certificates and deeds hereinafter mentioned were executed, the property was assessed to the predecessors in interest of the plaintiff"; and "that since the year 1888 the taxes upon said property had been paid by said plaintiff,"—from which it is to be inferred that the plaintiff and his predecessors have been continuously the owners and

in possession of the land since the assessment for the fiscal year 1882 (Pol. Code, sec. 3628), or, at least, that the court was authorized so to find; 2. The certificates of tax-sales in question introduced in evidence by defendant, with stipulation of due record and assignment to him, which, it is stated, were regular in form; and 3. Two deeds from the tax-collector, introduced in rebuttal, purporting to convey the land in question,—the one to Bosworth (defendant's assignor), on a sale for delinquent taxes, assessed for the fiscal year ending June 30, 1882; the other, "for the taxes of 1883," to Marsily, as assignee of Bosworth. These deeds, it is stipulated, did not otherwise than as above "recite in what year the property was assessed," but were "otherwise regular in form." It will thus be seen that the land in question was sold for taxes to the same person (Bosworth) for the fiscal years 1882, 1883, 1885, 1886, and 1887, the last three being the sales under which the defendant's lien is asserted.

The decree adjudged the plaintiff to be the owner in fee simple of the land, and that his title be "forever quieted as against any claim whatever of said defendants"; who, it is further adjudged, "are forever enjoined from asserting any title to said property adverse to said plaintiff." The effect of the decree is therefore twofold,—that is to say: 1. To quiet the plaintiff's title against the liens set up by defendant, without requiring the plaintiff to pay them; and 2. To adjudge void his existing title (or alleged title) to the land under his certificates, with his right to receive his deed from the tax-collector, and also such future title as he might afterwards acquire under the deed, if it should be issued. It is as to the latter part of the adjudication only that any question can arise; for we do not doubt that, in view of the laches of the defendant in asserting his alleged liens during a period of from twelve to fourteen years, the court was justified in quieting the plaintiff's title, without requiring them to be paid,— thus leaving the defendant to his legal rights. But the question to be considered is whether the court, on the evidence, was justified in adjudging the defendant's title, present and prospective, to be void; which again involves two others,—the one touching the validity of the sales; the other—assuming their original validity—as to their continued vitality to the

time of the commencement of the suit. On the former question the position of the appellant is, in effect, that in the absence of evidence to the contrary, the tax-certificates must be taken as valid; which is, in effect, to say, that being regular in form, they are *prima facie* evidence of the validity of the sale; and the position of the appellant in this regard does not seem to be contested by the respondent. We will therefore (for the purposes of the decision only) assume, as both parties seem to have assumed, that the tax-sales in question were *prima facie* valid, and for like purposes it will also be assumed that the case must be governed by the provisions of the Political Code as it stood at the dates of the certificate, and that the defendant's rights were not affected by the subsequent repeal of those provisions in 1895; which is also one of the contentions of the appellant. We will also pass, without deciding, the respondent's objection to the validity of the sales in question, that the defendant's assignor (Bosworth), at the time they were made, was the owner of the land, under his purchase at the sale for the delinquent taxes "for the fiscal year ending June 30, 1882," and hence that the sale was void. (*Emeric* v. *Alvarado,* 90 Cal. 464; *Moss* v. *Shear,* 25 Cal. 45;[1] Pol. Code, secs. 3786-3787; Const., art. XX, sec. 5; *Simmons* v. *McCarty,* 118 Cal. 622.)

This leaves us to consider only the question of the validity of the certificates of tax-sale at the time of the commencement of the suit, on the assumption of their original validity; as to which it is urged by the respondent that they are barred by the statute of limitations. But we do not see how this can be. The statute operates only to bar suits, and hitherto the defendant has had no cause of action to be barred. He has indeed certain liens; but these can be foreclosed without suit by the issue of the tax-collector's deed, and in no other way, and to this right the statute can have no direct application.

But though the right of the defendant to his deed may not be directly barred by the statute, yet it may be affected indirectly. For if the deed when received would not avail him in a suit to recover possession from the plaintiff, his lien would be of no substantial validity, and the court below would be justified in adjudging it void; and this, we think,

---

[1] 85 Am. Dec. 94.

is in fact the case. For under the provisions of section 1007 of the Civil Code "occupancy" of land for the period prescribed by the statute of limitations confers a title "which is sufficient against all," and the case, we think, clearly comes under this provision. Such occupancy, indeed, would not perhaps affect the validity of a mere lien. But it must be held to extinguish all adverse titles to the land, whether legal or equitable, or at least such as the title of the defendant here; which at the time of the commencement of the suit had for over eleven years been a complete title in everything but the deed, and it could at any time have been demanded. It will be observed here that the term used to denote the ground of title by prescription is not "adverse possession," but "occupancy," and that these words, though nearly synonymous, are yet to be distinguished. The former term cannot with strict propriety be applied to the possession of the owner of land. For his possession cannot be adverse to any one other than himself; which is to say that it cannot be adverse in the ordinary sense of the term, though it comes within the definition of being a possession "commenced and continued under an assertion or color of right on the part of the possessor." (Code Civ. Proc., sec. 1963, subds. 4, 11, 12, 28; Bouvier's Law Dictionary, "Adverse possession.") But to such possession—i. e. the possession of the owner—the term "occupancy" is entirely appropriate, and indeed, as compared with possession without title, applies *a fortiori*, (Bouvier's Law Dictionary, "Occupancy"); and hence there can be no doubt of the application of the provisions of this section to the case at bar. But here the case is of a peculiar character, and both "adverse possession" and "occupancy" may be affirmed of the *status* of the plaintiff and his predecessors. For though the predecessors of the plaintiff still continued after the tax-sales to hold the legal title, yet, assuming the validity of the sales, an equitable title became vested by the first sale in the defendant's assignor, which at the expiration of a year therefrom became complete in all respects except in the lack of the deed. This it was in his power to obtain whenever he wished to do so, and it is familiar doctrine that the holder of such title is in equity regarded as the true owner. Hence there is no impropriety of language in saying that

after the lapse of the year from the tax-sale, the possession of the plaintiff and his predecessors was adverse to this title; and that it was thus adverse must, we think, be presumed from the mere "occupancy" of the land by the owner—i. e. his possession of it as owner; which implies an intention of appropriation (Bouvier's Law Dictionary, "Occupancy"), and is therefore, by force of the definition, adverse.

But whether mere "occupancy," as distinguished from "adverse possession,"—if it can be distinguished in cases where the latter term is grammatically applicable,—be sufficient to confer a title by prescription as against the defendant, need not in this case be definitely determined; for here there are other facts from which adverse possession must be inferred, or from which the court was justified in inferring it. For from the fact that the land was sold under an assessment against the plaintiff's "predecessors," and that when the suit was commenced he had acquired the title, it follows that those predecessors must, prior to the end of the year 1888, when he commenced to pay the taxes, have conveyed the land to the plaintiff, or to some one who afterwards conveyed to him, and that there was entry of the grantee, or successive grantees, under the deed or deeds, and this, coupled with continued possession, and payment of taxes, the former for a period of fourteen, the latter for a period of eleven years, is at least sufficient to sustain the decision of the court below. Hence there can be no doubt, had the defendant's assignor taken his deed promptly when he was first entitled to it, his action would have been extinguished at the end of five years, nor, in reason, can the actual case before us be distinguished. Hence, the same rule must be applied; for, to apply the familiar maxim, "Like reason doth make like law." (Coke on Littleton, 10a; Broom's Legal Maxims, 154.)

For these reasons we advise that the order appealed from be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.          Van Dyke, J., Shaw, J.

Angellotti, J., concurred in the judgment.