# HARNDEN v. FITCH

(No. 2099; July 11, 1939; 92 Pac. (2d) 546)

For the defendant and appellant, the case was submitted on the brief of *Tom H. Barratt* of Laramie.

For the respondent, the case was submitted on the brief of *Alfred M. Pence* of Laramie.

*Tom H. Barratt* in reply.

RINER, Chief Justice.

These proceedings by direct appeal ask review of a judgment of the district court of Albany County in an action brought by the plaintiff to quiet his title to certain real property located in that county. The case was tried by the court upon an agreed statement of facts, which so far as is necessary to be detailed in order to understand the only question which requires consideration at our hands, appear to be these: The plaintiff and respondent, Harnden, obtained title to the property aforesaid on June 12, 1931, through a quitclaim deed of that date, which was duly recorded in the county clerk's office of the county above mentioned, on June 25, 1931; that since that time he has held possession of the property. It is also claimed for the plaintiff and his predecessors in interest that they have occupied the

premises and paid the taxes thereon since the year 1923, and this claim does not seem to be denied.

The defendant and respondent, Fitch, on July 14, 1924, purchased from the county treasurer of Albany County, Wyoming, the property aforesaid at a tax sale held on that date, the former owner of said property having failed to pay the taxes for the year 1923. Fitch paid this officer the sum of $38.31, including the amount of taxes, penalty, interest and costs then due upon the land. On July 16, 1924, the treasurer aforesaid issued to the defendant a certificate of purchase of real estate for taxes relative to said property. Fitch never was in possession thereof and never obtained the county treasurer's tax deed to this land.

The plaintiff, on March 7, 1938, brought his action as stated above against Fitch and other defendants. April 9, 1938, there was filed the separate answer of Fitch, who is the only defendant who appeared in the case, which set out the facts concerning his purchase of the property at tax sale and the issuance to him of the certificate of purchase as hereinbefore recited. In consequence he claimed a lien upon the property involved, and also sought to have this lien declared to be paramount to the title and interest of the plaintiff in said property. Plaintiff's reply, in form a general denial, was filed to put the case at issue.

The only question requiring solution here is whether Fitch should be held entitled to reimbursement by Harnden, as the purchaser of the legal title from the former holder thereof, in the amount paid by Fitch in obtaining his certificate of purchase, under the circumstances heretofore detailed. The judgment of the district court was that none of the defendants had any interest in the property in question and that defendant Fitch should "take nothing by reason of the certificate of purchase set forth in said answer."

The position of the appellant, Fitch, is that as re-

spondent Harnden, by his petition in the action, claimed affirmative relief in asking the court to quiet his title, this could only be granted upon condition that Harnden pay Fitch the amount paid by the latter to obtain his certificate of purchase.

While it is true, subject always, of course, to statutory regulation, as stated in 61 C. J. 1409, Section 2008 (b),

"It is ordinarily a condition precedent to the right to maintain a suit to quiet title and cancel a tax deed that plaintiff first pay or tender the tax title claimant reimbursement for the amount expended by him for taxes, interest, and penalties, the doctrine resting upon the equitable principle that he who seeks equity must do equity,"

we have before us peculiar circumstances which cannot be excluded in our consideration of this case as well as the principle thus stated in the excerpt from 61 C. J. just given. We may not overlook that Fitch, notwithstanding the provisions of Section 2889 Wyoming Compiled Statutes, 1920, indicating clearly the time and the method established by law for securing a tax deed to the property in question and thereby obtaining reimbursement for his investment in the tax certificate, did not avail himself thereof, but sat back and waited nearly fourteen years, until Harnden, a purchaser from the original owner of the premises, brought this suit to quiet his title therein. Fitch was never in possession of the property involved and never paid any taxes thereon, other than as stated in the certificate of purchase aforesaid; while the taxes for the subsequent years have apparently all been met by Harnden and his grantor, they being at all times in possession of the premises. Courts of undoubted authority have held that under circumstances of this character the doctrine of laches should be applied to a claim for reimbursement.

In Crocker v. Dougherty, 139 Calif. 521, 73 P. 429, a suit to quiet title to certain real property, the evidence was, as stated by the court:

"(1) A stipulation to the effect 'that the plaintiff was, at the commencement of the suit, the owner of the lands and premises described in the complaint, except in so far as the said lands and premises might be affected and incumbered by the liens asserted by the defendant, based on the tax certificates and proceedings mentioned in the answer,' etc.; that 'at the time the tax certificate and deeds hereinafter mentioned were executed, the property was assessed to the predecessors in interest of the plaintiff,' and 'that since the year 1888 the taxes upon said property had been paid by said plaintiff,' from which it is to be inferred that the plaintiff and his predecessors have been continuously the owners and in possession of the land since the assessment for the fiscal year 1882 (Pol. Code, § 3628), or at least that the court was authorized so to find. (2) The certificates of tax sales in question introduced in evidence by defendant, with stipulation of due record and assignment to him, which it is stated, were regular in form."

The claim of the defendant was that the plaintiff ought not to have a decree quieting his title, except upon the condition of paying the amount paid out by him for certain tax sale certificates upon the property. Reviewing these facts, the court remarked in affirming a decree for the plaintiff:

"We do not doubt that, in view of the laches of the defendant in asserting his alleged liens during a period of from 12 to 14 years, the court was justified in quieting the plaintiff's title, without requiring them to be paid; thus leaving the defendant to his legal rights."

Where the purchaser at tax sale failed for more than eleven years to apply for a tax deed, it was held in Ockendon v. Barnes, 43 Iowa 615, that the owner of the property would be justified in presuming an abandonment of his right thereto on the part of the tax purchaser. The court said:

"The defendant introduced the tax books of the county which show that, in 1861, the land was sold for taxes. It was not shown that redemption had been made from this sale, or that a deed had been executed thereon to any one. The deeds under the law could have been issued October 7, 1864. The suit was tried June 15, 1875, nearly eleven years after the time for the execution of the deed. Without holding that a deed could not, after so long a lapse of time, be executed under any state of facts, we are of the opinion that the presumption exists that the purchaser has abandoned his rights to the deed; certainly those dealing with the owner of the land may presume such an abandonment and that the deed will not be called for by the purchaser. They would be authorized to purchase and pay for the land upon this presumption and the purchaser at the tax sale could not afterwards take a deed and defeat thereon the title they acquire. There ought to be some time at which the purchaser at a tax sale would be cut off from his right to enforce his claim against those holding the land under the tax-payer. Eleven years certainly is more than ample time in which a purchaser at a tax sale may claim his deed, and it is not too short to raise the presumption against him of abandonment of his claim under the purchase in favor of one holding under the tax-payer."

It was decided in Luchs v. Christman, 42 App. Cas. (D. C.) 327, that the holder of a tax sale certificate who neglected to demand a deed for nine years after his right thereto accrued, he having failed to pay any subsequent accruing taxes, was guilty of laches, cutting off his right to the deed as against one succeeding to the tax debtor's title eight years after the certificate holder became entitled to a deed, even though such tax debtor was chargeable with notice of the tax sale, as he had the right to presume that the certificate holder had abandoned his right of claim. The tax sales certificates involved in the case were accordingly held to be barred by the holder's laches. The plaintiff, however, in this case had voluntarily offered to reimburse Luchs the money paid by the latter under the tax sale. This action

the court recognized in ordering reimbursement in its decree.

Relative to the situation in the case at bar presented, that the plaintiff and his predecessors in interest have since 1923 paid all taxes and retained possession of the premises, the following decisions are, we think, persuasive:

In Bryant v. Cadle, Admr., 18 Wyo. 64, 104 P. 23, 106 P. 687, this court declared that:

"It is not necessary that possession for the statutory period be continued in the same person, but where there is privity between persons successively in possession holding adversely to the true title continuously, the successive periods of occupation may be united to make up the time prescribed by statute."

The case of Roth v. Munzenmaier, 118 Iowa 326, 91 N. W. 1072, was an equity suit to foreclose a mortgage. The real controversy, however, was between the holders of a tax title upon the property affected and the mortgagee and holder of the patent title. The Iowa code, resembling closely the provisions of Section 115-309 W. R. S. 1931, of this State, provided that no action for the recovery of realty sold for non-payment of taxes should be brought for five years from the execution and recording of the treasurer's deed. In the course of its opinion disposing of the matter, the Supreme Court of Iowa said:

"Another point made by appellants is that appellees should not recover because they failed and neglected to offer to repay the taxes paid by appellants and their grantors. Appellees, as we have seen, are relying on the bar of the statute against the tax deed, and in such a case they are not required to reimburse the holder. Appellants are defeated because of their laches, and are in no position to say that, in any event, appellees should reimburse them for taxes paid. Appellees are not asking to redeem, and are under no obligation to appellants because of taxes paid by them in the purchase of the tax certificate."

Where the tax title claimant brought a suit to quiet his title against the record owner and the latter had judgment on a claim of adverse possession, in King v. Bolt, 151 Iowa 1, 130 N. W. 818, the court also said:

"The only other proposition in the case is plaintiff's right to have judgment against the defendant for the amount of taxes paid by him. The general rule is that one who neglects to bring action for the recovery of real property, based upon a tax sale or deed, within the time fixed by law cannot recover the money paid by him in extinguishment of the taxes on such property. Innes v. Drexel, 78 Iowa, 253, 43 N. W. 201; LaRue v. King, 74 Iowa, 288, 37 N. W. 374; Roth v. Munzenmaier, 118 Iowa, 326, 91 N. W. 1072; Doud v. Blood, 89 Iowa, 240, 56 N. W. 452."

In Flanders v. Washburn Land Co., 139 Wis. 390, 121 N. W. 250, the action was likewise one by the owner of realty for the purpose of quieting his title therein, the controversy being between the record owner and the holder of a tax deed who had not acted promptly in seeking to obtain possession of the property. Affirming a decree for the owner, it was announced by the court that:

"The statute of limitations having divested the title of the tax deed claimant and vested title in the respondent, the appellant's interest in the land or under the tax deed was at an end, and the respondent was not required, as a condition of his setting aside the deed, to tender or pay any part of the taxes under section 3087, St. 1898. The respondent did not recover 'by reason of a defect or insufficiency of any tax deed * * * or in the proceedings prior to the sale.' Nor was the action in ejectment. The case is therefore not within the purview of section 3087, Id. Nor is it within the terms of section 1210h, Id., because the action does not impeach the tax deed. It would seem upon principle that, when the statute of limitations has divested the tax title holder of all estate or interest in the land, his tax deed is at an end for all such purposes."

See, also, to the same effect, Laffitte v. City of Supe-

rior, 142 Wis. 73, 125 N. W. 105; Crocker v. Dougherty, supra.

Cases are drawn to our attention, wherein the lien of the state by statutory enactment is passed to the holder of the tax certificate. But as pointed out by this Court in Brewer v. Folsom Brothers Co., 43 Wyo. 433, 445, 5 P. (2d) 283, we have no such legislation, except touching situations where there is a defect in the tax sale proceeding, and hence the cited cases do not aid us here. It is not contended, as we understand the situation, that there was any defect in the tax sale or in the issuance of the certificate of purchase to Fitch.

Under all the circumstances of this case to which we confine this decision, and with the authorities we have briefly reviewed in mind, we are inclined to the view that respondent is himself responsible for not being in a position to equitably demand reimbursement. "Equity follows the law" is quite as potent a maxim as the one "He who seeks equity must do equity." In that connection it may be observed that Chapter 84 of the Laws of Wyoming, 1937, amending Section 1, Chapter 84, Laws of Wyoming, 1935, which gives a lien upon the real property involved to the holder of a tax sale certificate of purchase and indicates the method of foreclosure thereof, carries also the provision:

"Provided further, that no such action shall be commenced on any tax sale certificate within four years from the date of the sale mentioned herein, nor shall any such action be commenced after ten years from the date of such sale."

It is plain, as it seems to us, that the Legislature of Wyoming, in so many words, intended to put an end to any right of reimbursement upon such a lien after the lapse of ten years from the date of tax sale. We see no impropriety in applying the doctrine of laches in a case such as we now have.

It may additionally be remarked that if Fitch had

obtained a tax deed and then done nothing further, he would, under the authorities to which reference has above been made, still be without right to reimbursement as against Harnden. We could hardly say he should have greater rights under a mere certificate of purchase.

We conclude, therefore, that the judgment of the district court of Albany County was right, and it will accordingly be affirmed.

*Affirmed.*

KIMBALL and BLUME, JJ., concur.