**Ray L. GROSVENOR, Appellee,**

v.

**Larry M. OLSON, Appellant.**

**No. 54956.**

Supreme Court of Iowa.

June 29, 1972.

Kindig, Beebe, McCluhan, Rawlings & Carter, Sioux City, for appellant.

Prichard & Prichard, Onawa, for appellee.

MOORE, Chief Justice.

Defendant appeals from judgment of trial court quieting title in plaintiff-appellee to about 70 acres of land located near the Missouri River in the N.W. Quarter, Section 3, Township 85, North Range 47, West of the 5th P.M. in Monona County, Iowa. Description of the tract involved is fully set out in the pleadings and order of the trial court. It is not disputed here.

As his sole proposition relied upon for reversal defendant-appellant, as claimed record chain of title holder, asserts: "The court erred in its determination that appellee sustained the burden placed upon him of proving that he had hostile, actual, open exclusive and continuous possession under a claim of right and color of title for a full period of ten years."

I. The applicable general principles of law are not seriously disputed by the parties. Ownership by adverse possession requires proof by claimant of hostile, actual, open, exclusive and continuous possession under claim of right or color of title for at least ten years. Usually no equities exist in favor of one who claims property of another by adverse possession, and his acts are to be strictly construed. Shives v. Niewoehner, Iowa, 191 N.W.2d 633, 636; Moffitt v. Future Assurance Associates, 258 Iowa 1160, 1170, 140 N.W.2d 108, 114; Lawse v. Glaha, 253 Iowa 1040, 1046, 114 N.W.2d 900, 903. See also 3 Am.Jur.2d, Adverse Possession, section 6; 2 C.J.S. Adverse Possession § 8. More specific principles of law as they relate to the contentions of the parties will be referred to infra.

II. This is an equitable action and therefore our review is de novo. Rule 334, Rules of Civil Procedure. As usual in such cases the record here is quite long and voluminous. It includes abstracts of title introduced by each party as well as several photographs and other exhibits. Their reproduction here would unduly lengthen our opinion. We will attempt to summarize the facts as stressed by the parties.

Plaintiff-appellee testified he had been acquainted with the land here involved since 1921 and knew of a suit by the United States against Wilbert Flower which resulted in land in the area being given to the Indians. Flower continued in possession thereafter of a large area known as "Flower Island" near and along the Missouri River. Flower claimed to own this land including the tract here involved which he deeded to Miss M. E. Harvey in 1938. It was filed for record May 4, 1938. Plaintiff had acted as business agent for Miss Harvey and in 1946 negotiated a lease of the land to George Goodwin and to Goodwin and Frederick Johnson as co-tenants in 1948. In 1948 Miss Harvey deeded the land to plaintiff. From that time until trial in 1970 he had possession. Johnson continued as plaintiff's tenant until 1969. Several other witnesses so testified. Johnson planted and harvested crops each year. They varied because until 1957 only about 25 acres were tillable. In 1957 plaintiff hired Wilbur Ray, a bulldozer owner, to clear all but a few of the remaining acres of trees and underbrush. This operation extended over two weeks and was described by plaintiff, Johnson, Ray and other persons living nearby. For at least 15 years the land was listed in the federal ASC program. Plaintiff was listed as owner and Johnson as operator. They were paid as such under the program. No other person made such a claim at any time.

Plaintiff testified he did not start paying taxes on the land until 1961 or 1962. The taxes from 1930 to 1961 had been paid by the record owner in defendant's chain of title. Defendant testified his father paid the taxes in 1961. His father died in 1962. Defendant succeeded his father in the chain of title claimed by him. Defendant testified he paid the land tax in 1965 but had made no further such payments.

In 1961 defendant's father L. Marvin Olson, went upon part of the land and started planting grain. Plaintiff and his tenant, Johnson, immediately filed in district court a forcible entry and detainer action. Trial resulted in a decree in their favor. It was adjudicated L. Marvin Olson had no right of possession.

In 1963 defendant and his brother Bernard went upon part of the land and planted some popcorn. Again plaintiff and Johnson filed a forcible entry and detainer action. Defendant and his brother default-

ed. It was adjudicated they had no right of possession.

Defendant's chain of title extends back to April 26, 1909 when J. R. Milleken and wife executed a deed to Thomas S. Miles covering land in section three which could have included at least part of the tract here involved. Meandering of the Missouri River in those days created difficulty in making definite descriptions. Subsequent conveyances are shown by the abstract put in evidence by defendant. Helen Christensen held title from March 29, 1928 until she conveyed to L. Marvin Olson on October 8, 1960. She paid taxes on at least some of the land involved while she held title. Defendant offered evidence some of the land involved was cleared by Matt Hummelgaard, a tenant in 1925 or 1926.

In his brief and argument defendant-appellant states: "We concede that Mr. Grosvenor had physical possession for some years late in the period. But we do not concede he had such legal possession for a full period of ten years such that it ripened into title." He fails to point out and we find no evidence of any change in plaintiff's possession during the ten year period before trial.

■ III. Defendant argues plaintiff failed to prove a good faith claim of right or color of title. Color of title is that which in appearance is title but in reality is no title. Casady v. Casady, 184 Iowa 1241, 1246, 169 N.W. 683, 685. A void deed taken in good faith affords sufficient color of title to sustain the plea and claim of adverse possession by one who, relying thereon has taken and held the possession for the required length of time. Nevelier v. Foster, 186 Iowa 1307, 1313, 173 N.W. 879, 881, and citations. See also 3 Am.Jur. 2d, Adverse Possession, section 16 and citations.

In Abel v. Abel, 245 Iowa 907, 919, 65 N.W.2d 68, 74, we quote this from Roth v. Munzenmaier, 118 Iowa 326, 330, 91 N.W. 1072, 1073: "The deed, although made by one having no authority to convey, is sufficient to support a claim of adverse possession, provided such possession was in good faith."

Plaintiff testified he believed Flower owned the property conveyed to Miss Harvey. From 1948 he rented the land to Johnson. He made extensive improvements thereon in 1957 which were acts of ownership and indicated occupancy under a claim of right. Moffitt v. Future Assurance Associates, 258 Iowa 1160, 1171, 140 N.W.2d 108, 114, 115; Vander Zyl v. Muilenberg, 239 Iowa 73, 78, 29 N.W.2d 412, 415.

■ Defendant places considerable reliance on the fact plaintiff failed for many years to pay taxes on the land. This is a fact bearing on the question of plaintiff's good faith. We have, however, held payment of taxes is not essential to acquisition of title by adverse possession. Moffitt v. Future Assurance Associates, supra; Vander Zyl v. Muilenberg, supra; Wallis v. Clinkenbeard, 214 Iowa 343, 347, 242 N.W. 86, 87. See also 3 Am.Jur.2d, Adverse Possession, section 124, page 211; 2 C.J.S. Adverse Possession, § 172, page 748. It is undisputed plaintiff did pay the real estate taxes for most of the ten years prior to trial.

■ IV. Our careful study of the entire record satisfies us of plaintiff's good faith. We conclude plaintiff proved the essential elements to establish title by adverse possession. The judgment of the trial court is affirmed. Plaintiff's other contentions made in support of the judgment need not be discussed.

Affirmed.

All Justices concur, except RAWLINGS and McCORMICK, JJ., who take no part.