The CLINTON NATIONAL BANK, as Conservator of Hilda Schuster, Appellee,

v.

The CITY OF CAMANCHE, Iowa, et al., Appellant.

No. 2–57572.

Supreme Court of Iowa.

March 16, 1977.

Simon W. Rasche, Jr., Camanche, for appellant.

Shaff, Farwell & Senneff, Clinton, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

RAWLINGS, Justice.

Defendant, City of Camanche, appeals from trial court adjudication enjoining municipal use of a triangular tract of land lying between plaintiff's (Hilda Schuster's) residential property and the Mississippi River. We affirm in part, modify in part.

In 1939, Hilda Schuster and her husband, since deceased, purchased lots 1, 2, 7, and 8, Block 6, in Camanche.

A large clubhouse was located on the land acquired by Schusters. Grounds used in connection therewith extended to the river.

Sometime in 1941, the clubhouse was demolished. Schusters shortly built a house on lots 1 and 2. There was not then a street on or other public facility in front of the Schuster residence.

Mrs. Schuster testified she and her husband understood, at time of purchase, they had acquired all land down to the water's edge. Her testimony further reveals she and Mr. Schuster removed weeds, cut down trees, planted grass in the disputed tract, and at all times maintained same.

Unquestionably, Schusters occupied most of the disputed property as their front yard and additionally invested funds, ostensibly with adjoining owners, for construction of a

ten foot high concrete retaining wall along the riverbank.

Several neighbors, called as witnesses, supportively testified the Schusters and their predecessors in title at all times occupied and maintained the triangular tract of land. Two of them noted, however, a "few stragglers" have fished from the bank and children occasionally played along the river.

Neither the Schusters nor plaintiff bank, as conservator of Mrs. Schuster's property, have ever paid taxes on the subject property.

On the other hand, Camanche had not used the controverted area since the platting thereof as a street in 1845, until 1972 when the litigation-triggering municipal park project was initiated.

July 16, 1973, plaintiff bank commenced the present action. In relevant part, its petition alleges:

"That the Plaintiff's ward and her immediate grantors have been in the sole, complete, actual, open, notorious and undisputed possession of the said premises for more than ten years last past, under color of title and ownership thereof, adverse to the Defendants; and she and her said grantors have been for over ten years the acknowledged, sole and undisputed and unqualified owners thereof."

"That by reason of the lapse of time and the laches of the Defendants and their failure to allege or assert any pretended claim to said premises and in permitting and allowing the Plaintiff's ward or her immediate grantors to continue her possession, use and occupancy thereof openly, continuously and undisputed for more than ten years last past, under color of title and claim of title and ownership, and to make valuable improvements thereon relying on such possession and ownership, the Defendants, and each and all of them, and the unknown claimants, or any person or persons claiming any interest in the premises, by, through or under them, are now estopped from asserting any right, title, claim or interest therein adverse to the Plaintiff."

Thereupon plaintiff seeks judicial establishment of its ward's fee title in the controverted strip of land; to have defendant forever barred from municipal usage of the property in question; and other equitable relief.

Trial court held, "Hilda Schuster has a superior and paramount claim to the City of Camanche" in the involved property. This attendant order was entered:

"The Defendant, City of Camanche, Iowa, and its officers, agent and other representatives, is hereby permanently estopped and enjoined from denying the superior and paramount claim of the Plaintiff and from interfering with the use, occupancy and possession of the above described real estate by Plaintiff and successors in title, so long as the use, occupancy and possession shall continue."

Camanche's appeal stems from that adjudication.

In support of a reversal defendant essentially contends trial court erred in (1) holding the City is estopped from asserting any right to the property in question and (2) making evidential use of information gleaned from a sua sponte view of the premises.

I. Our review is de novo. See *Council Bluffs Sav. Bank v. Simmons*, 243 N.W.2d 634, 635 (Iowa 1976); Iowa R.Civ.P. 334, 344(f)(7).

II. The principles of estoppel applicable to a case of this kind are thus aptly summarized in *Sioux City v. Johnson*, 165 N.W.2d 762, 768 (Iowa 1969):

"Where there is long-continued nonuser of a street or alley by the municipality, maintenance of possession under a claim of right for a long period by private parties acting in good faith, where the erection of valuable improvements thereon with the knowledge and assent of the public and the city, and where the situation is such that to permit the municipality to open the street would result in great damage to those in possession, estoppel may lie."

See also *Pearson v. City of Guttenberg,* 245 N.W.2d 519, 528–529 (Iowa 1976); *Manson State Bank v. Diamond,* 227 N.W.2d 195, 201 (Iowa 1975).

▇▇ But defendant asserts plaintiff failed to establish the above stated elements of estoppel. More specifically, Camanche claims there is no evidence revealing Schusters permanently improved the property or would suffer any substantial damage if the city park were opened. We disagree.

In summary, the Schusters, acting in good faith upon Camanche's nonuser for more than a century, expended time, labor and money in improving their triangular front yard down to and including the retaining wall. They also notoriously used and occupied same for more than 30 years before Camanche evidenced any claim of municipal right thereto.

Furthermore, the Schuster occupancy has at all times been inconsistent with any public right for such a length of time as to indicate acquiescence on the part of Camanche officials in the aforesaid permanent appropriation for private usage. Under claim of right Schusters have openly maintained such possession and exercised that dominion as ordinarily denotes the conduct of owners in managing and caring for property of like nature. See *Council Bluffs Sav. Bank v. Simmons,* 243 N.W.2d at 637. See also *Pearson v. City of Guttenberg,* 245 N.W.2d at 528–529.

And, the fact that Schusters never paid taxes on the subject property does not necessarily negate any right to the equitable relief generally sought by plaintiff. Cf. *Grosvenor v. Olson,* 199 N.W.2d 50, 52 (Iowa 1972). Compare *Council Bluffs Sav. Bank v. Simmons,* 243 N.W.2d at 638.

Then too, construction of a municipal park reaching to the Schuster front doorstep would clearly have an adverse effect upon the enjoyment and value of any residential property.

We are persuaded and now hold plaintiff met the criteria for application of estoppel articulated in *Sioux City v. Johnson,* quoted above, and its progeny.

Consequently, trial court's decree permanently enjoining defendant from interfering with the use, occupancy and possession of the triangular tract of land by plaintiff and successors so long as the use, occupancy and possession shall continue must stand, save and except as hereafter modified.

III. Defendant next asserts the trial judge committed reversible error in effecting a sua sponte evidential view of the involved properties.

▇▇ At the outset, a trial judge has inherent right to view premises for a better understanding of the testimony, but must not consider his observations as evidence. See *Wharton v. City of Oskaloosa,* 158 N.W.2d 834, 836 (Iowa 1968). It appears, however, the trial judge did find, from his self-initiated inspection tour:

"The plat and survey introduced into evidence do not locate the residence with regard to the lot lines, and in the absence of expert testimony on this question, the Court from viewing the premises and the testimony as to the northerly line of the First Street right of way, east of Eleventh Avenue, finds that the front portion of the Schuster residence extends slightly beyond the platted lot line into what the City claims is the extension of First Street right of way to the south."

▇▇ Nevertheless, no resultant prejudice is urged by Camanche and we find none. Cf. *State v. Little,* 164 N.W.2d 81, 83 (Iowa 1969); *Hampton v. Burrell,* 236 Iowa 79, 91, 17 N.W.2d 110 (1945).

The presently considered issue is without substance.

▇▇ IV. As previously observed, trial court held defendant is estopped from asserting any public right to the land located between plaintiff's deeded property line *and the Mississippi River high water mark.* Further in this regard, as best determinable from a diffuse record, the Mississippi River high water line is located south of or below the above noted retaining wall and we proceed upon that premise.

Noticeably, Mrs. Schuster testified she and her husband improved and maintained the triangular tract of land down to the concrete wall at top of the riverbank. Evidence was also adduced to the effect no one has ever been prevented from using the beach, occasionally utilized by fishermen and children. In essence, plaintiff exercised some though not exclusive use of the bank below the retaining wall.

Our independent review of the record reveals insufficient evidence to support plaintiff's estoppel contention with respect to the area located below or south of the retaining wall. This means trial court erred in enjoining defendant from exercising public rights as to dominion over and control of land located between said retaining wall and the Mississippi River high water line. In other words, plaintiff's superior and paramount right extends only to the southerly or riverward side of the above noted retaining wall.

On remand trial court shall accordingly modify the decree from which this appeal is taken.

Costs are taxed to defendant.

Affirmed in part, modified in part, and remanded with directions.